## SKINNER *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Sufficiency of indictment in description of defendant.*—If the indictment alleges that the defendant's christian name is unknown to the grand jury, (Code, § 3505,) it is not demurrable on account of the omission of his christian name.

2. *Sufficiency of evidence question for jury.*—Where the record does not show that any question was raised in the primary court as to the sufficiency of the evidence, the appellate court will not reverse the judgment on account of the failure or omission of the presiding judge to instruct the jury that the evidence was not sufficient to authorize a conviction.

3. *Storehouse is public house.*—A storehouse, in which dry goods only are sold, is a public house, within the statute against gaming, (Code, § 3243,) although the playing is by night, when the doors and windows are closed, and no person other than the players is present.

4. *Explanatory charge, when necessary.*—An affirmative charge, which asserts a correct legal proposition, although objectionable on account of its generality, is no ground for a reversal of the judgment : the party objecting to it should ask an additional or explanatory charge.

FROM the Circuit Court of Franklin.

Tried before the Hon. A. B. MOORE.

THE prisoner in this case was indicted by the name of "——— Skinner, late of said county, whose christian name is unknown to the grand jury aforesaid." He demurred to the indictment, on account of the omission of his christian name; but his demurrer was overruled, and he then pleaded not guilty.

The bill of exceptions is as follows :

"The State introduced one Barnett as a witness, who testified, that he saw the defendant, within less than twelve months before the finding of the indictment, engaged in a game at cards, in a storehouse in the town of Tuscumbia, in said county, where dry goods exclusively were sold; that the playing took place at night, only four persons being present, viz., defendant, witness, and two others, all of whom engaged in the game, and who were gentlemen, playing only for a can. of oysters; that

no other person was present, and no other person came into the room during the playing; that the doors were closed and locked on the inside, and the windows closed and fastened on the inside; that no person could see the playing from the outside, nor could any person on the outside be seen from within; and that he had never seen cards played in that house at any other time, either before or since.

"This was all the evidence in the case; and thereupon the court charged the jury, that if they believed from the evidence that the playing took place in a storehouse, and in the room where the goods were sold, it was a public house, although the playing was at night, with the doors and windows closed."

"The defendant excepted to this charge, and then requested the court to instruct the jury, that a storehouse where dry goods exclusively are sold, situated in a town, is not a public house within the statute against gaming, if the playing was at night," and under the circumstances above detailed. The court refused this charge, and the defendant excepted.

J. B. MOORE, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

RICE, C. J.—Under section 3505 of the Code, an indictment cannot be held bad, for the mere omission of the christian name of the defendant, if it contains an allegation that his christian name is unknown to the jury, and if it is in all other respects unobjectionable. The indictment in this case is authorized by the Code, and must be held sufficient.

The defendant contends, that by the charge of the court, the question is presented, whether the uncorroborated testimony of an accomplice is sufficient to authorize a conviction. If that question were presented, we should certainly decide it in the negative; for section 3600 of the Code clearly establishes the rule, that the testimony of an accomplice is not sufficient to warrant a conviction, "unless he is corroborated" in the manner specified in that sec-

tion. But with the mere question of the *sufficiency* of the evidence, this court can have nothing to do, unless it was decided, and appears from the record to have been decided, by the court below. This court cannot reverse a judgment, upon the mere ground that the jury have found a defendant guilty upon insufficient testimony, when the court below does not appear to have charged, or been asked to charge, in relation to its sufficiency; nor will this court reverse a judgment, for the mere *neglect* or *omission* of the court below to instruct the jury that the testimony in the case is not sufficient to warrant a conviction.—Knapp v. McBride, 7 Ala. 19.

The legal question presented by the charge given and the charge refused, is, not whether the testimony was sufficient to authorize a conviction, but whether a storehouse, in which dry goods only are sold, is, at night, and under the circumstances stated in the testimony or in the charge refused, a "public house" within the meaning of section 3243 of the Code. The court below, by the charge given, as well as by the refusal of the charge asked, decided that question in the affirmative; and in that there was no error.—Brown v. The State, 27 Ala. 47; Sweeney v. The State, 28 Ala. 47; Huffman v. The State, *ib*. 48; Huffman v. The State, 29 Ala. 40.

There is nothing in the charge given, which conflicts with the legal proposition, that the uncorroborated testimony of an accomplice, although believed by the jury, is not sufficient to warrant a conviction. That proposition is not denied by any ruling of the court below. And if it were conceded that the charge of the court was not as full as it might have been, and that it was calculated in some degree to mislead the jury; yet, as it is direct and certain, and asserts a correct legal proposition, and is not abstract, it furnishes no cause for reversal. The defendant should have asked an explanatory or additional charge, if he desired to raise any other question than the one so fully and correctly decided by the charge given.—Caskey v. Haviland, 13 Ala. 314.

There is no error in any of the rulings of the court below, and its judgment is affirmed.