# Cooper v. The State.

| 88  107|
|107  161|

### Indictment for Burglary.

1. *Cross-examination of witness, as to matters tending to impeach his testimony in chief.*—A witness may be cross-examined as to statements made by him out of court, which are inconsistent with his testimony on the trial, but not as to matters about which he has not testified, and about which he could not be examined in chief; as, that he "might have been mistaken in thinking the defendant was the burglar," or that the testimony of defendant's employer on the former trial "shook him up considerably."

2. *Argumentative charge; charge tending to mislead, or requiring explanation.*—A charge which is argumentative, or which requires explanation to prevent it from confusing or misleading the jury, may be refused; as where it specifies one criminating circumstance, and instructs the jury that it is not, of itself, sufficient to authorize a conviction.

3. *Same.*—A charge requested, instructing the jury that "it is as much their duty to acquit the defendant, if from the evidence they have a reasonable doubt of his guilt, as it would be to convict if they believe to a moral certainty that he is guilty; and if from the evidence they are not satisfied beyond a reasonable doubt that he is guilty, they would be as false to their obligation as jurors if they convict him, as they would be if they acquitted him when the evidence convinced them to a moral certainty of his guilt,"—is properly refused, because argumentative, and tending rather to confuse than to enlighten the jury.

4. *New trial; refusal not revisable.*—A motion for a new trial is addressed to the discretion of the lower court, and its refusal is not revisable on error or appeal.

5. *Motion in arrest of judgment.*—A motion in arrest of judgment, based on facts which do not appear of record, is properly overruled.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged that the defendant, Will Cooper, "with intent to steal, broke into and entered the dwelling-house of F. S. Ferguson." On the first trial, the defendant was convicted; but the judgment was reversed by this court, and the cause remanded.—*Cooper v. State*, 86 Ala. 610. On a second trial, as the bill of exceptions shows, F. S. Ferguson testified on the part of the prosecution, that his dwelling-house in Birmingham was broken and entered on the night of December 16, 1888; that he was

[Cooper v. The State.]

awakened by a noise made in his room, and saw a man moving about, whom he chased through the house, but who escaped; that on examination of the house he found that the back door had been opened, and discovered in the hall, which was covered with a linen cloth, and also on the back porch, muddy foot-prints, the night being rainy; that the prints made by the left foot were peculiar, turning inward, and showing no impression made by the toes; that the defendant had for some time been visiting a servant girl at his house, who occupied a room over the kitchen in the rear of the house, which communicated with the house through a door in the back hall; that he arrested the defendant at his house, on the night of January 19th, 1889, and charged him with the burglary, but defendant asserted his innocence; that the defendant, on his preliminary examination before a committing magistrate, "voluntarily removed his left shoe, and walked across the floor; that he walked with a limp; that his left foot turned inward, the big toe seemed to turn up, and the others made no impression on the floor." Continuing, the witness said: "I told him about the track made by the burglar, and said I'd bet he had two or three toes off his right foot; to which he replied, that he had as many toes on his right foot as I had. I then said, that it was the left foot; and he replied, that was another matter." The witness then testified, on cross-examination: "Defendant had been at my house several times before the burglary. I had talked with him, and was familiar with his features. I did not recognize the burglar's features as those of the defendant. On the night of the burglary I did not think of its being defendant who came into my room, and did not think of it until some time afterwards. What led me to suspect him was what the girl said to my wife, who repeated it to me. She and the defendant had a misunderstanding of some kind several days before the defendant's arrest, and she has since married another young man. Defendant came to my house several times after the burglary, and I saw no difference in his conduct. I talked with him once about the burglary, and saw no change in his appearance or countenance while I talked with him about it." The bill of exceptions then adds: "On motion of the State's solicitor, the court excluded the following evidence of said witness on cross-examination: 'I admitted to defendant's attorney, after the first trial, that I might have been mistaken in thinking that defendant was the burglar; and I also stated to Mr. S. M. Woods, that when I

heard his testimony on the former trial, it shook me up considerably.' To the exclusion of this testimony defendant excepted."

S. M. Woods, who was a market gardener near Birmingham, and in whose employment the defendant was at the time of the burglary, testified to the defendant's good character and good habits, and that the defendant stayed at his house the night on which the burglary was committed; and E. G. Woods, his son, testified the same in substance.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "The facts, if proved, that the defendant has a defective foot, and that the tracks made by the burglar at Capt. Ferguson's house showed a similar deformity, will not authorize the jury to find the defendant guilty, unless there is other evidence before them which, taken in connection with the similarity of the foot-tracks, convinces them to a moral certainty that he is the person who committed the crime." (2.) "Even if the evidence before the jury should convince them that the tracks made at the house by the burglar were made by a person who had a defective left foot, and that defendant has a similar defect, they can not find him guilty from this fact alone; and unless there is other evidence of guilt, they should acquit the defendant." (3.) "It is as much their duty as jurors to acquit the defendant, if from the evidence they have a reasonable doubt of his guilt, as it would be to convict him if they believe to a moral certainty that he is guilty; and if from the evidence they are not satisfied beyond a reasonable doubt that he is guilty, they would be as false to their obligation as jurors if they were to convict him, as they would be should they acquit him if the evidence convinces them of his guilt to a moral certainty."

After conviction, the defendant submitted a motion for a new trial, and also a motion in arrest of judgment, because the jury took with them on their retirement the indictment in the case, on which was indorsed the verdict of guilty rendered by the jury on the former trial. The court overruled each of these motions, and the defendant excepted.

Jo. G. CREWS, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—There was no evidence in the case, nor could there have been any, as to what the witness thought in

regard to the guilt of the defendant, nor as to the impression made on his mind by the testimony of S. M. Wood on the former trial. There was nothing before the court, therefore, to which the statements of Ferguson, that he " might have been mistaken in thinking the defendant was the burglar," and that the testimony of Wood " on the other trial shook me up considerably," could have been contradictory, and they were properly excluded. The only ground upon which such testimony is ever received, is that it shows statements made by the witness out of court, which are inconsistent with, and therefore tend to weaken, his evidence on the trial. That reason for their admission does not exist in this case, and could not have existed, since any evidence with which these declarations were inconsistent, would itself have been immaterial and inadmissible.

The first and second charges set out in the record call attention to one criminating circumstance shown by the evidence, and involve an instruction to the jury, that this fact or circumstance, of itself, is not sufficient to authorize a conviction. It is the settled doctrine of this court, that the refusal of such a charge, although it may be true, as a legal proposition, that guilt is not inferable from the one fact postulated, is free from error. They tend to mislead and confuse the jury, and necessitate an explanatory charge; and " the court never errs in refusing a charge requiring explanation."—*Adams v. State*, 52 Ala 379; *Buchanan v. State*, 55 Ala. 154. Moreover, these charges are argumentative, and their refusal may clearly be justified on this ground. *Hussey v. State*, 86 Ala. 34.

The third charge requested by defendant sought to impress on the jury the duty of acquittal, in the event of their entertaining a reasonable doubt of guilt, by a reference to what their duty would be in the absence of such doubt, and to instruct them that acquittal is as imperative in the one case as conviction would be in the other. This is a mere argumentative and comparative generalization of the duty of jurors, having a tendency to confuse, rather than to enlighten them; and while its abstract propositions are doubtless correct, and clear to the trained legal mind, the court committed no error in refusing to give the charge.

The action of the court in overruling defendant's motion for a new trial is not revisable.—*Tyree v. Parham*, 66 Ala. 424; *Trammell v. Vane*, 62 Ala. 301; *Bedwell v. Bedwell*, 77 Ala. 587.

[Barnard v. The State.]

The motion in arrest of judgment was predicated on facts which did not appear of record in the court below.    It was properly overruled on this ground, if not also on others. *Sparks v. State*, 59 Ala. 82; *Brown v. State*, 52 Ala. 345; *Blount v. State*, 49 Ala. 381.

We discover no error in the record, and the judgment of the Criminal Court is affirmed.