[Bowdon v. The State.]

# Bowdon *v*. The State.

*Indictment for Gaming.*

1. *Proof of venue.*—When the bill of exceptions purports to set out all the evidence, and does not show that any proof of the venue was adduced, a general charge to the jury, instructing them to find the defendant guilty if they believe the evidence, is a reversible error.

2. *General charge on evidence.*—When any material fact lies in inference from other facts, the general charge should never be given.

FROM the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged, that the defendant bet at a game played with cards in a public house, or in a public place. The evidence adduced on the trial showed that the game, at which the defendant bet, was played in a room which was in the second story of a building, was the private bed-room of two young men, and was accessible only by a flight of steps running up on the outside of the building; that the first story of the building was used as a store-house for the sale of merchandise, and that neither of the young men had any connection with the store or business. Several witnesses testified, on the part of the prosecution, that they had seen games of cards played in the room, and each of them said that he was admitted into the room on knocking at the door. The court charged the jury, on request, "that they would find the defendant guilty, if they believed the evidence;" and to this charge the defendant excepted.

WALKER ESPY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The bill of exceptions in this case purports to set out all the evidence. It fails to show that there was any evidence of *venue* adduced. The court, at the request in writing of the solicitor, charged the jury that, if they believed the evidence, they would find the defendant guilty. This instruction, of course, raised and decided the question of the *sufficiency* of the evidence to sustain a conviction. Its effect was to direct and require a conviction, without proof

[Harrison v. The State.]

that the offense was committed within the territorial jurisdiction of the court. Had there been no instruction going to the sufficiency of the evidence to convict, no reversal could be had on account of this absence of evidence of *venue* from a bill of exceptions reciting that it contains all the evidence, there being no point made in that connection in the court below. But that is not the case here. The charge asserts that the evidence of the act charged, without any proof that it was committed in the county, is sufficient to authorize and support a conviction. This was error, which must work a reversal of the judgment.—*Hubbard v. State,* 72 Ala. 164.

We suggest, without deciding, whether the general charge given for the State was not open to objection from another point of view, in that the evidence possibly left it to rest in inference, that the room in which the playing was done, not *per se* a public house, "was free of access to all who were known to engage in gaming, or that it was common to all who would gratify the passion gaming engenders and stimulates" (*Smith v. State,* 52 Ala. 384); the rule being, that when any material fact lies in inference from other facts, the general charge should not be given.

The judgment of the Circuit Court is reversed, and the cause remanded.