# Chandler *v.* The State

*Violating Prohibition Law.*

(Decided Feb. 3, 1910.—51 South. 610.)

1. *Appeal and Error; Review; Record.*—Where motion was made to quash the warrant and neither the motion not the ruling thereon was shown by the bill of exceptions. the motion and the rulings thereon cannot be considered on appeal.

2. *Intoxicating Liquors; Sale; Evidence.*—Where the witness's testimony showed, that he bought the whisky from the defendant and paid him therefor before the commencement of the prosecution and within a time not barred by the statute of limitations, it was not material that the witness could not state the exact date.

3. *Same; Prosecution For; Election.*—Where the state attempted to prove but one sale, and upon cross-examination it developed that other sales had been made, the state was not required to make an election.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

[Chandler v. The State.]

J. N. Chandler was convicted of violating the prohibition law and he appeals. Affirmed.

POWELL & POWELL, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—The court cannot consider the motion to quash and the rulings thereon because not shown by the bill of exceptions.—*Jones v. City of Anniston,* 138 Ala. 199. The court properly admitted evidence of the value of the checks.—*Wilson v. The State,* 113 Ala. 104.

EVANS,J.—The motion to quash the warrant, made by the defendant in the court below, cannot be here considered, for the reason that neither the motion, nor ruling of the court thereon, appear in the bill of exceptions.—*Jones v. City of Anniston,* 138 Ala. 199, 35 South. 112. Indeed, the record does not show that the court ruled on the motion.

The affidavit and warrant upon which defendant was tried were of date May 28, 1909. The case was tried by the judgment entry, on June 8, 1909. J. J. Burnett was the only witness for the state, and testified on direct examination that he knew the defendant, and had known him since the fall of 1908; that he had bought whisky from the defendant since Christmas of 1908; that he bought from him a quart of corn whisky, and paid him $1.25 therefor. On cross-examination he testified that he bought it about April or May. He also testified on cross-examination that he had bought from him several times, and that one time he paid him in checks issued by the Pratt Consolidated Coal Company. The defendant then "moved the court to exclude the testimony," first, "because the state had failed to make out its case;

second, because the thing paid for the quart of whisky
testified to by witness was shown on its face to be of no
value; third, because the solicitor had not elected or
proved any particular time of sale made by defendant;
fourth, because the testimony was irrelevant, immate-
rial, and incompetent." The court overruled the mo-
tion and defendant duly excepted.

The motion to exclude the evidence was without mer-
it. The evidence for the state tended to show every ma-
terial element of the offense charged in the affidavit.
The fact that the witness stated that he could not re-
member the exact date of the sale was immaterial as a
matter of law, since the testimony tended to show that
it was before the commencement of the prosecution and
within a time not barred by the statute of limitations.
The only sale proved by the state was the quart of corn
whisky for which witness paid defendant $1.25. The
fact that he testified to other sales of whisky transac-
tions upon cross-examination could not put the state to
any election as it had already elected.

There being no error in the rulings of the court below,
the judgment thereof is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., con-
cur.