# Suttles *v.* The State.

### Murder.

(Decided February 10, 1917. 74 South. 400.)

1. **New Trial; Criminal Law; Review.**—Before the passage of Acts 1915, p. 722, the granting or refusing of a motion for new trial in a criminal case was a matter resting in the discretion of the trial court.

2. **Evidence; Conclusion.**—A question to a witness as to whether the conduct of a certain person was objectionable, was improper as seeking to elicit the witness's conclusion as to what constituted objectionable conduct; nor was it admissible under the rule allowing a witness to testify to a collective fact.

3. **Charge of Court; Directing Verdict.**—Where the evidence is in conflict as to material facts, the court cannot properly direct a verdict.

4. **Same; Reasonable Doubt.**—A charge asserting that if one fact inconsistent with the guilt of the accused has been proven to the reasonable satisfaction of the jury they could not convict, is properly refused.

5. **Same; Covered by Those Given.**—It is not error to refuse charges substantially covered by the oral charges of the court, or by written instructions given.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Orbe Suttles, alias, etc., was convicted of manslaughter and he appeals. Reversed and remanded.

The person killed was one England, alleged to have been stabbed with a knife. The evidence was in conflict as to who did the stabbing, and as to who brought on the difficulty. Charge 2, refused to defendant, is as follows:

"If one fact inconsistent with the guilt of defendant has been proven to your reasonable satisfaction, then you cannot convict this defendant."

"(3) If you believe from the testimony that the weight of evidence is against the theory of the state that defendant conspired with Delas Campbell to kill or do Joe England, some bodily harm, you will find defendant not guilty."

(4) Practically same as 3.

HUNT & WOLFES, and ISBELL & SCOTT, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

[Suttles v. The State.]

BRICKEN, J.—(1) The defendant, under an indictment for murder in the first degree, was convicted of manslaughter in the first degree; and from this judgment of conviction he appeals. The ruling of the court in refusing a motion for a new trial in this case is not revisable here, the case having been tried prior to the act (Acts 1915, p. 722) which became effective September 22, 1915; hence said act is not applicable to this case. Prior to said act supra, a motion for a new trial in a criminal case was a matter to be determined by the trial court, and was entirely within its discretion.—*Burrage v. State,* 113 Ala. 108, 21 South. 213; *Cooper v. State,* 88 Ala. 107, 7 South. 47; *Smith v. State,* 165 Ala. 58, 51 South. 610.

(2) The defendant objected to the following question, propounded by the state to witness Wade:

"Just tell the jury the conduct of England [deceased]; was his conduct there such as was objectionable?"

The court overruled said objection, and the witness was permitted to answer "that it was all right; he had good conduct there that night." We are of the opinion that the question was clearly objectionable, in that it called for a conclusion on the part of said witness and a conclusion based upon witness' standard as to what constitutes objectionable conduct, or good conduct, by which the defendant could, in no manner, be found. The rule making it permissible under some circumstances for a witness to testify to what is termed a "collective fact" is not applicable here, for a collective fact is distinguishable and very different from a bare, arbitrary conclusion of a witness. The trial court erred in overruling the objection to said question and in permitting the witness to answer.—*Carney v. State,* 79 Ala. 14.

(3) There was no error in refusing charge 1, which was the general charge in favor of the defendant. It has been repeatedly held in this state that the general affirmative charge cannot be given when the evidence affords inference adverse to the party requesting the charge. In such a case, the question becoms one for the determination of the jury.—*Hargrove v. State,* 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126; *Turner v. State,* 97 Ala. 57, 12 South. 54.

(4) Charge 2 was bad, and hence was properly refused. This charge was condemned by the Supreme Court in *Pippin v. State,* 73 South. 340, and in *Davis v. State,* 184 Ala. 26, 63 South. 1010.

This charge was condemned as being invasive of the province of the jury, and also as misleading.

(5) There was no error in refusing to give charges 3 and 4, as these charges were substantially covered by given charge 12. The trial court commits no error in refusing to give charges requested which are mere repetitions of charges already given, or contain substantially the same propositions involved in the charges already given.—*Koch v. State,* 115 Ala. 99, 22 South. 471.

For the error pointed out, the judgment is reversed, and the cause remanded. The defendant must remain in custody until discharged by due course of law.

Reversed and remanded.