(75 South. 177)

MORRISSETTE v. STATE.   (2 Div. 166.)

(Court of Appeals of Alabama.   April 17, 1917. Rehearing Denied May 15, 1917.)

1. HOMICIDE ⬯300(14)—INSTRUCTIONS—SELF-DEFENSE.

The requested charge that defendant would have the right to set up self-defense if the jury believe he bona fide withdrew from the difficulty, though he provoked it, ignores the burden resting on him, essential to his right to claim self-defense, to show that he was in impending peril of life or limb when he fired.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 629.]

2. HOMICIDE ⬯300(7)—INSTRUCTIONS—SELF-DEFENSE.

Requested charge that defendant would have the right to set up self-defense if the jury believe he bona fide withdrew from the difficulty, though he provoked it, assumes that after he withdrew the person at whom he fired pursued him, or renewed the difficulty.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 622.]

3. HOMICIDE ⬯300(5)—INSTRUCTIONS—SELF-DEFENSE.

Requested charge to acquit if the jury are satisfied that defendant was free from fault in bringing on the difficulty, and bona fide retreated, and the assault made by G., or the threatened assault made by him, if perpetrated, was likely to produce death or great bodily harm, has a tendency to mislead to the conclusion that the court entertains the view that G. assaulted or threatened to assault defendant.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 619.]

4. HOMICIDE ⬯300(14)—INSTRUCTIONS—SELF-DEFENSE.

A requested charge predicating right of self-defense on a threatened assault made by G., leaving out of consideration the question of presence of an overt act or attempt to carry into effect such "threatened assault," thereby inducing pending peril, real or apparent, to defendant's life or limb, is objectionable.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 629.]

5. CRIMINAL LAW ⬯1056(1)—REVIEW—EXCEPTION.

Exception to the oral charge is necessary for review thereof.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670.]

6. CRIMINAL LAW ⬯1040—REVIEW—OBJECTION BELOW.

Objection below to verdict or action of the court thereon is necessary for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2649.]

Appeal from Circuit Court, Dallas County; J. B. Evans, Judge.

Oscar Morrissette was convicted of an assault with intent to murder, and appeals. Affirmed.

The following charges were refused to defendant:

(1) If you believe from the evidence in this case that defendant bona fide withdrew from the difficulty, even though he provoked the difficulty, then he would have the right to set up such defense.

(2) If you are satisfied from the evidence in this case that defendant is free from fault in bringing on the difficulty, and that defendant

---

bona fide retreated, and if you are further satisfied from the evidence that the assault made by Lovell, or the threatened assault made by him, if perpetrated, was likely to produce death or great bodily harm, you should acquit defendant.

The person assaulted was Lovell Givan.

Arthur M. Pitts and Craig & Craig, all of Selma, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1, 2] Charge 1 refused to the defendant ignores the burden resting upon him, essential to his right to plead self-defense, to show that he was in impending peril of life or limb at the time he fired on Givan with a deadly weapon. It also assumes that Givan, after defendant's withdrawal in good faith, pursued him, or renewed the difficulty and became the assailant. Brewer v. State, 160 Ala. 66, 49 South. 336.

[3, 4] Charge 2, as worded, has a tendency to mislead to the conclusion that the court entertained the view that Givan assaulted or threatened to assault defendant. It was subject to the further objection that it predicated the right of self-defense on a "threatened assault made by him," leaving out of consideration the presence of an overt act or attempt to carry into effect such "threatened assault," thereby producing impending peril, real or apparent, to the defendant's life or limb.

[5, 6] There was no exception to the oral charge of the court, and no objection to the verdict of the jury or the action of the court in sentencing the defendant, and hence nothing to review. McPherson v. State (Sup.) 198 Ala. 5, 73 South. 387; Woodson v. State, 170 Ala. 87, 54 South. 191.

Affirmed.