(80 South. 166)

### STRICKLAND v. TOWN OF SAMSON.
### (4 Div. 571.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. MUNICIPAL CORPORATIONS ☞122(3)—ORDINANCES—MODE OF PROOF.

The mode of proof of ordinances and resolutions of municipal corporations authorized by Code 1907, § 1259, book or pamphlet form purporting to be published by authority of the council, is not exclusive but cumulative.

2. MUNICIPAL CORPORATIONS ☞122(3)—ORDINANCES—PROOF.

Under Code 1907, § 1258, as amended by Acts 1911, p. 632, § 1, providing for recording ordinances, as soon as passed, in a book kept for that purpose, and for publication of the ordinances in a newspaper, and that immediately following the record of an ordinance the clerk shall certify the time and manner .of its publication, which' certificate shall be presumptive evidence of its recited facts, an ordinance so recorded and certified may be proved by the book; proof of book's authenticity being made by the mayor.

3. MUNICIPAL CORPORATIONS ☞110—ORDINANCES — PUBLICATION — CLERK'S CERTIFICATE.

The clerk's certificate required by Code 1907, § 1258, as amended by Acts 1911, p. 632, § 1, merely to state time and manner of publication of an ordinance, need not itself be dated.

4. CRIMINAL LAW ☞1170½(3) — HARMLESS ERROR—RULING ON EVIDENCE.

Overruling defendant's objection to question, when the ordinance, charged to have been violated, was passed, was harmless; witness saying he did not know.

5. CRIMINAL LAW ☞1036(8) — REVIEW—INSUFFICIENCY OF EVIDENCE—OBJECTION BELOW.

The sufficiency of the evidence to justify the verdict not having been questioned below, and the judgment following the verdict, an assignment of erroneous rendition of judgment presents nothing for review.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

J. W. Strickland was convicted of violation of an ordinance of the Town of Samson, and appeals. Affirmed.

T. M. Espy, of Dothan, and N. H. Mixson, of Samson, Ga., for appellant.

W. O. Mulkey, of Geneva, for appellee.

BROWN, P. J. [1] The mode of proof of ordinances and resolutions of municipal corporations provided by section 1259 of the Code is not exclusive, but cumulative:

"The acts of such corporations and of their officers, concern the right of the public, and the presumption exists that the records of such acts are authentic. It has often been decided that the books of such corporations, when properly identified, should be received to prove their acts." Jones on Ev. §§ 514, 522.

[2] Section 1258 of the Code as amended by the act approved April 22, 1911, provides:

"All ordinances shall as soon as may be after their passage be recorded in a book kept for that purpose, and be authenticated by the signature of the clerk, and all ordinances or regulations of a general or permanent nature shall be published in some newspaper of general circulation in the city or town, or, in towns of less than one thousand inhabitants, by posting copies thereof in three public places within the limits of the city or town, two of which places shall be the post office and the mayor's office in such city or town. When the ordinance is published in the newspaper, it shall take effect from and after its publication, and when published by posting, it shall take effect five days thereafter, except as herein otherwise provided. Immediately following the record of any ordinance the clerk shall append a certificate stating therein the time and manner of publication thereof, which certificate shall be presumptive evidence of the facts stated therein," etc. Acts 1911, p. 632.

The prosecution made proof of the authenticity of the ordinance book by the mayor of the town, and, under the rule stated above, it was properly admitted in evidence. Bell v. Town of Jonesboro, 3 Ala. App. 652, 57 South. 138. The certificate of the clerk showing publication of the ordinance is in these words:

"I, J. W. Byrd, clerk of the town of Samson, Geneva county, Alabama, do hereby certify that the immediately preceding ordinance was published in the Samson Ledger, a newspaper of general circulation in said town, in its issue of December 24, 1914.

"Witness my hand as clerk of said town, this ―― day of ――, 1915.

"[Signed] J. W. Byrd,

"Clerk of the Town of Samson."

[3] It will be noted that the statute does not require the clerk to date his certificate, but to state therein the date of the publication of the ordinance, and the foregoing certificate was a sufficient compliance with the statute.

[4] If the ruling of the court on the appellant's objection to the question asked the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

witness Boozer as to when the ordinance in question was passed was error, it was clearly without injury. The witness states that he had no knowledge on the subject whatever.

[5] The trial was by jury, and the sufficiency of the evidence to justify their verdict was in no way questioned in the trial court. The judgment of the court follows the verdict of the jury, and therefore the assignment predicated on the alleged erroneous rendition of judgment by the court presents nothing for review. Woodson v. State, 170 Ala. 87, 54 South. 191.

There is no error in the record.

Affirmed.