(85 South. 785)

**Ex parte STATE ex rel. SMITH, Atty. Gen.**

**MONTGOMERY v. STATE.**

**(8 Div. 265.)**

(Supreme Court of Alabama. June 26, 1920.)

1. **Criminal law** ⚖=1056(2)—Exception necessary for reviewing of oral charge.

Under Acts 1915, p. 815, and Code 1907, § 6264, an exception is necessary for a review of an oral charge.

2. **Criminal law** ⚖=1133—Reversal may rest on question first presented on rehearing.

Court of Appeals could properly rest reversal in a criminal case on a question of evidence presented for the first time by counsel for accused on consideration of application for rehearing on the part of the state.

Certiorari to the Court of Appeals.

Petition by the State, on the relation of J. Q. Smith, Attorney General, for certiorari to review a ruling of the Court of Appeals, reversing a judgment of conviction in the case of Will Montgomery v. State of Alabama, 86 South. 132. Writ denied.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The sheriff was properly denied the right to state whether or not Red Nelson was a fugitive from justice. 197 Ala. 193, 72 South. 316; 177 Ala. 12, 59 South. 171. A proper predicate was laid for the testimony of Turny concerning what the defendant said about the killing. 191 Ala. 7, 67 South. 1010; 4 Michie's Ala. Digest, pp. 233 and 307. The fact that the defendant went back to the scene of the killing for the purpose of concealing the body was admissible. 166 Ala. 1, 52 South. 31. No exceptions were reserved by the defendant to the oral charge of the court, and hence it will not be reviewed. 202 Ala. 5, 79 South. 304; 198 Ala. 5, 73 South. 387.

Sample & Kilpatrick, of Cullman, for appellee.

The oral charge was set out as a part of the record, and should be considered. Section 5364, Code 1907, as amended Acts 1915; section 6264, Code 1907; 14 Ala. App. 104, 71 South. 982; 115 Miss. 694, 76 South. 629; 16 Ala. App. 184, 76 South. 468; 16 Ala. App. 144, 75 South. 820; 15 Ala. App. 194, 72 South. 766; 15 Ala. App. 199, 72 South. 773; 16 Ala. App. 237, 77 South. 75.

GARDNER, J. Upon the original consideration of this cause by the Court of Appeals,

the judgment of conviction was reversed for error in the oral charge to the jury, the nature of which sufficiently appears in the opinion of that court. 86 South. 132. Application for rehearing was made by the state, and in response thereto the majority opinion of the Court of Appeals discloses that there was no exception reserved to any part of the oral charge held erroneous, and for which the judgment of conviction was reversed. But that court was of the opinion that, upon a consideration of the Acts of 1915, p. 815, in connection with section 6264 of the Code of 1907, no exception was necessary for a review of the oral charge, and express the view that the exact question here presented has never been passed upon since the passage of the act of 1915, supra.

[1] We think the majority opinion is in error in this respect. Subsequent to the act of 1915, above referred to, the precise question was first presented to this court and decided contrary to the holding in the instant case in McPherson v. State, 198 Ala. 5, 73 South. 387, and more recently here reaffirmed in Tucker v. State, 202 Ala. 5, 79 South. 303; and upon this point the McPherson Case has been cited and followed by the Court of Appeals in Ross v. State, 16 Ala. App. 393, 78 South. 309, and Morrissette v. State, 16 Ala. App. 32, 75 South. 177. The question has therefore been definitely settled by these decisions, and the Court of Appeals was in error upon this point.

[2] A reversal, however, of the judgment of that court does not result for the reason, upon consideration of the cause on rehearing, the court found reversible error as to a question of evidence, and the law enunciated upon this particular question by the court in its opinion is not questioned by the state. It is insisted by the state, however, that reversal should not have been rested upon this latter question as it was presented for the first time by counsel for appellant upon consideration of the application for rehearing on the part of the state. There is no merit in this insistence, as in cases of this character it is the duty of the court to carefully examine the record for the ascertainment of any reversible error, and the Court of Appeals was acting clearly within its province in passing upon this question upon application for rehearing, as much so as upon original consideration.

It results, therefore, that the writ will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes