(88 South. 369)

## MARSHALL v. STATE. (7 Div. 688.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

**1. Criminal law ⟨⟩1121(3)—Evidence not reviewed where bill of exceptions does not purport to contain all of the testimony.**

Where the bill of exceptions does not purport to contain all, or substantially all, of the testimony, the Court of Appeals will not review the evidence.

**2. Criminal law ⟨⟩1124(4)—Evidence not reviewable where bill of exceptions does not contain motion for new trial and record does not show evidence offered in support thereof.**

Where the motion for new trial was not incorporated in or made a part of the bill of exceptions, and it does not appear what, if any, evidence was offered in support of the motion, the Court of Appeals will not review the evidence.

**3. Criminal law ⟨⟩1036(8)—When sufficiency of evidence is not questioned below, assignment of erroneous rendition of judgment presents nothing for review.**

Where the sufficiency of the evidence to justify the verdict was not questioned in lower court, and where the judgment followed the verdict, an assignment of erroneous rendition of judgment presents nothing for review.

**4. Rape ⟨⟩48(1)—Testimony that prosecutrix made complaint soon after assault admissible.**

In a prosecution for an assault with intent to ravish, testimony by father of prosecutrix that she made a complaint to him soon after defendant left the house in which crime was alleged to have been committed, where limited to the fact that the girl made complaint, held admissible.

**5. Rape ⟨⟩43(1)—Testimony that defendant drank at the time he was claimed to have committed assault with intent to ravish admissible.**

In prosecution for assault with intent to ravish, testimony that defendant and another man who accompanied him to the house in which the crime was claimed to have been committed were drinking before and at or about the time they were in the house held admissible to show the condition of the parties at the time of the assault.

**6. Criminal law ⟨⟩829(1)—Refusal of requested charge substantially covered by other charges not error.**

Refusal of requested charge substantially covered by other written charges of the court's oral charge held not error.

**7. Criminal law ⟨⟩809—Refusal of ambiguous charge not error.**

Refusal of requested charge, the meaning of which was not entirely clear, held not error.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

Guinn Marshall was convicted of an assault with intent to rape, and he appeals. Affirmed.

Assault is alleged to have been upon the daughter of the witness McBrayer, who was permitted, over the objection of the defendant, to state what complaint his daughter made to him soon after the men left the house, the defendant having been accompanied to the house by one Paul Taylor.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

The evidence did not justify the verdict. 35 Ala. 280; 58 Ala. 376, 29 Am. Rep. 754; 90 Ala. 628, 8 South. 383, 24 Am. St. Rep. 850. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen. and Lamar Field, Asst. Atty. Gen., for the State.

The sufficiency of the evidence to sustain the judgment, not having been questioned in the trial court, cannot be here raised. 16 Ala. App. 592, 80 South. 166; 170 Ala. 87, 54 South. 191. To be considered, the motion for new trial should be shown by double exceptions. 79 South. 802. It was proper to show that defendant had been drinking. 17 Ala. App. 519, 86 South. 170.

MERRITT, J. [1, 2] The appellant was convicted of an assault with intent to ravish, and was sentenced to the penitentiary for an indeterminate term of not less than six nor more than eight years. We do not undertake to review the evidence, which we have considered with much care; suffice it to say that there was some evidence from which infer-

ences might have been drawn by the jury unfavorable to the innocence of the accused. The bill of exceptions does not purport to contain all, or substantially all, of the testimony adduced in the trial of the case, and, this being so, we are constrained to believe there was other than that contained in the record. But for another reason we are precluded from a consideration of the testimony, even that part contained in the bill of exceptions. The motion for a new trial is not incorporated in and made a part of the bill of exceptions, and it does not appear what, if any, evidence was offered in support of the motion. Crawley v. State, 16 Ala. App. 545, 79 South. 804.

[3] The sufficiency of the evidence to justify the verdict not having been questioned below, and the judgment following the verdict, an assignment of erroneous rendition of judgment presents nothing for review. Strickland v. Town of Samson, 16 Ala. App. 592, 80 South. 166; Woodson v. State, 170 Ala. 87, 54 South. 191.

[4] There was no error in the ruling of the court in reference to the testimony of W. H. McBrayer. It appears to have been limited to the fact that the girl made complaint. Oakley v. State, 135 Ala. 15, 33 South. 23; Gaines v. State, 167 Ala. 70, 52 South. 643.

[5] There was no error in allowing the state to show that the defendant and the witness Paul Taylor were drinking before and at or about the time they were at the house where the assault is alleged to have been made. The court stated that the testimony was allowed for the purpose of showing the condition of the parties at the time of the assault. Haswell v. State, 17 Ala. App. 519, 86 South. 170(6).

[6, 7] Refused charge 3 was substantially covered by other written charges and the court's oral charge. Besides, it is not entirely clear as to its meaning in the last sentence.

There is no error in the record, and the judgment is affirmed.

Affirmed.