(88 South. 370)

## BAKER v. STATE. (7 Div. 689.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

**1. Criminal law ⚖️1124(4)—Motion for new trial, not made part of bill of exceptions not considered on appeal.**

Court's ruling on motion for new trial will not be considered on appeal, where the motion was not made a part of the bill of exceptions, and where the record does not contain the evidence or other matters offered in support thereof.

**2. Homicide ⚖️160—Testimony that defendant enticed prosecuting witness from home admissible in prosecution for assault with intent to murder.**

In a prosecution for assault with intent to murder a police officer, the officer's testimony

that the defendant had come to his home and had requested him to come down town *held* admissible, upon issue of premeditation and deliberation, to prove that defendant enticed him from his home with the intent to murder him.

**3. Criminal law ⚖1170½(5)—Cross-examination held harmless.**

In prosecution for assault with intent to murder, cross-examination of defendant's witness, who had testified on direct examination as to when he had arrived upon the scene, as to where he was "when some one ran down the street with a wheelbarrow," *held* not prejudicial to defendant.

**4. Criminal law ⚖368(1)—Evidence held admissible as part of res gestæ.**

In prosecution for assault with intent to murder, cross-examination of defendant's witness, who had testified on direct examination as to when he had arrived upon the scene, as to where he was "when some one ran down the street with a wheelbarrow," *held* admissible as part of the res gestæ.

**5. Witnesses ⚖268(4)—Cross-examination as to where witness was at time of certain incident held proper.**

In prosecution for assault with intent to murder, cross-examination of defendant's witness, who had testified on direct examination as to when he had arrived upon the scene, as to where he was "when some one ran down the street with a wheelbarrow," *held* proper.

**6. Criminal law ⚖1159(2)—Weight of evidence not considered on appeal.**

The court on appeal will not consider the weight of the evidence.

**7. Criminal law ⚖1159(3)—Conflicting evidence presents jury question.**

Where evidence was in sharp conflict, the question was for the jury.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

Oscar Baker was convicted of assault with intent to murder and he appeals. Affirmed.

It is alleged by the state that the defendant went to the home of Oyler, and told him that Edwards had cut a drummer's coat off, and to come on down town, Oyler being the policeman in the town; that Oyler went in response to the call, and when he reached town the difficulty arose or was in progress, and that the defendant struck Oyler with a brick, injuring him severely.

The motion for new trial seems to be a copy of the motion docket, but is not made a part of the bill of exceptions, and so far as appears from the record no evidence or other things were offered in support of the motion.

C. A. Wolfes, of Ft. Payne, for appellant.

Counsel discuss the assignments of error, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State.

There was no error in the admission of evidence. 4 Mich. Ala. Dig. 574; 13 Mich. Ala. Dig. 718; 204 Ala. 476, 85 South. 817; 79 South. 677. The motion for new trial cannot be reviewed. 16 Ala. App. 545, 79 South. 804; 16 Ala. App. 592, 80 South. 166.

BRICKEN, P. J. [1] The motion for new trial is not presented for review. Crawley v. State, 16 Ala. App. 545, 79 South. 804, and cases cited.

The only questions insisted upon as error on the trial of this cause in the court below relate to the ruling of the court upon the testimony.

[2] State's witness Mrs. Smith Oyler wife of the injured party, was permitted, without objection, to testify that the defendant Oscar Baker, shortly before the difficulty, came to the Oyler home, and requested Oyler, her husband, who was a police officer of the town of Collinsville, to come down town at once; that one Irby Edwards had cut a drummer's coat off of him, etc. But when Oyler himself was upon the stand as a witness the defendant objected to him being allowed to testify to these same facts already in evidence. The court overruled the objection, and defendant excepted. There was no error in this ruling. The evidence itself was competent in order to shed light upon the conduct of the defendant, who in a few minutes thereafter undisputedly had the serious difficulty with Oyler, and this evidence was properly submitted to the jury, to be considered by them as to whether the defendant thus enticed Oyler from his home for the accomplishment of the very purpose of the act complained of in the indictment, elements of the charge necessarily being premeditation and deliberation.

[3-5] There was no error in the courts allowing the solicitor on cross-examination of defendant's witness Lambert to ask him "Were you there when some one ran down the street with a wheelbarrow?" In the first place there could not possibly be anything prejudicial to the defendant by asking this question. It clearly related to the res gestæ. Moreover, this witness on direct examination had testified as to when he arrived upon the scene, and what had occurred since his arrival, and had just stated in his direct examination, "No, sir; I was not there when some one broke a lantern over the sidewalk." Witness was then turned over to the solicitor for cross-examination and the first question propounded to witness by solicitor was the question above quoted, "Were you there when some one ran down the street with a wheelbarrow?" Under all the rules of evidence this question was permissive, and there is no merit whatever in the exception reserved to the ruling of the court in this connection.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[6] No special charges were requested by defendant, and the last insistence of appellant that "the verdict of the jury was contrary to the great weight of the evidence" is not only without merit, but is not properly before us for review. Strickland v. Town of Samson, 16 Ala. App. 592, 80 South. 166; Woodson v. State, 170 Ala. 87, 54 South. 191.

. [7] The evidence was in sharp conflict, and therefore presented a jury question. The court's oral charge was a clear and able statement of the law of the case, it was extremely fair to the defendant, and no exception was reserved thereto, but if there had been, the charge was free from error, and an exception could have availed nothing to the defendant. There was no. error upon the trial of this case, and as the record is also free from error the judgment of conviction in the circuit court must be affirmed.

Affirmed.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes