(93 South. 341)

**PRITCHETT v. STATE.    (3 Div. 424.)**

(Court of Appeals of Alabama.    June 13, 1922. On Rehearing, June 30, 1922.)

**1. False pretenses ⬩51—Whether defendant obtained money from prosecuting witness held for the jury.**

In prosecution for false pretense, in which it was claimed that the defendant obtained money from prosecuting witness by giving him a check on a bank in which the defendant had no funds, and in which the defendant denied that he had received any money, but that the check was in payment for whisky, the question of whether the defendant obtained such sum from the witness by means of the check *held* for the jury, in view of conflicting evidence.

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ⟨=⟩683(1)—State may examine prosecuting witness in rebuttal of defendant's testimony.**

The state may examine a prosecuting witness as to facts tending to rebut the defendant's testimony.

**3. Criminal law ⟨=⟩1066—Ruling on motion for new trial not reviewable, in absence of exception.**

A ruling on a motion for new trial is not reviewable on appeal, in the absence of exception under Acts 1915, p. 722.

On Rehearing.

**4. Criminal law ⟨=⟩1045—Jurisdiction of Court of Appeals is limited to matters on which action or ruling at nisi prius was invoked and had.**

The jurisdiction of the Court of Appeals is appellate only, and is limited to those matters on which action or ruling at nisi prius was invoked and had, under Code 1907, § 6234.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

W. T. Pritchett, alias, was convicted of false pretense, and he appeals. Affirmed.

M. D. Brainard, of Montgomery, for appellant.

Counsel discusses the merits of the appeal, with the earnest insistence that a reversal shall follow, but he cites no authority in support thereof.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment in this case contained two counts, and in each count charged the defendant with false pretense (felony). Both counts, however, were predicated upon the same transaction.

The act complained of, as contended by the state, was that this defendant did falsely pretend to another, one W. A. Brightwell, with intent to defraud, that he had on deposit with the Fourth National Bank of Montgomery, Ala., $181.50, and by means of such false pretense obtained from said Brightwell $171.50, and the evidence of the state tended to show that this defendant induced Brightwell to let him have $171.50 in cash for which he (defendant) gave Brightwell a check on said bank for $181.50, and pretended that he had that amount on deposit to his credit in said bank. The state's evidence further tended to show that the defendant had no account whatever with the bank, and had never had on deposit in said bank any money to his credit. The check given was worthless. Other evidence of the state tended to prove each allegation in the indictment as charged.

[1] The defendant, on the other hand, denied that he made the statement as to having the money on deposit in the bank. He denied, also, that he received any money at all from Brightwell, and insisted that the check given by him to Brightwell was in payment for 33 gallons of whisky at $5.50 per gallon. His testimony and that of his witnesses tended to sustain his contention. Thus a sharp conflict in the evidence was created, and it was for the determination of the jury as to which contention was true. There was a general verdict of guilty as charged, and from the judgment of conviction defendant appeals.

[2] No objection by demurrer or otherwise was made to the indictment. No exceptions were reserved to the oral charge of the court, nor were any special charges refused to the defendant. Throughout the entire trial but one exception was reserved, and this related to the ruling of the court upon the testimony when Brightwell, the alleged injured party, was being examined in rebuttal. In this ruling there was no error. It was within the discretion of the court to permit this witness to testify to the facts which tended to rebut the defendant's testimony; not only in the court's discretion, but was permissible under the elementary rules of evidence.

[3] The motion for a new trial is not presented for review. Acts 1915, p. 722; Crawley v. State, 16 Ala. App. 545, 79 South. 804; Powell v. Folmar, 201 Ala. 271, 78 South. 48.

The record is free from error. Let the judgment of the circuit court stand affirmed.

Affirmed.

On Rehearing.

[4] In order to grant the earnest appeal of counsel for appellant in the application for a rehearing in this cause, it would be necessary for this court to enlarge its jurisdiction and without authority of law assume original jurisdiction of the matters involved. This, of course, we cannot do, as the jurisdiction of this court is appellate only, and the review of cases before us is limited to those matters upon which action or ruling at nisi prius was invoked and had. Such is the settled rule, on principle and in practice, by which this court is bound. Woodson v. State, 170 Ala. 87, 54 South. 191; Montgomery v. State, 17 Ala. App. 469, 472, 86 South. 132 (on rehearing); Ex parte Montgomery, 204 Ala. 389, 85 South. 785; McPherson v. State, 198 Ala. 5, 73 South. 387; Code 1907, § 6234. In other words it is the duty of an appellate court to search the record proper for error apparent thereon, and to deal with and review the court's rulings to such questions in the bill of exceptions to which proper exceptions were reserved.

Counsel for appellant makes the following statement:

---

"If the record fails to show that the motion for a new trial was overruled by the trial court, it is no fault of this appellant, and he should not be permitted to suffer a term in the penitentiary for the omission of another."

This cause was submitted on brief in this court, and it was the duty of appellant, before the submission of the cause, to see that the transcript was properly prepared, and that the terms of the statute had been complied with. Prior to the passage and approval of the present statute (Acts 1915, p. 722), regulating appeals from a judgment of the trial court on a motion for new trial, a motion for a new trial in a criminal case was a matter to be determined by the trial court, and was entirely within its discretion, and the action of the court in overruling defendant's motion for a new trial was not revisable. Cooper v. State, 88 Ala. 107, 7 South. 47; Suttles v. State, 15 Ala. App. 582, 74 South. 400; Smith v. State, 165 Ala. 50, 51 South. 610.

Under the statute, supra, as stated in the original opinion, it is essential to the right to review the ruling of the trial court on a motion for new trial that an exception should be reserved, and that this, with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions. Unless the question is presented in accordance with the express terms of the statute, the appellate courts of this state are without authority to review the action of the trial court. But, pretermitting all this, the facts adduced upon the trial of this defendant were in sharp conflict, and presented a jury question. It would appear, therefore, that, if the ruling of the court on the motion for a new trial had been properly presented, it could have availed the appellant nothing; for, in the first place, there was no sufficient ground of the motion to authorize or require its being granted, nor was there any testimony offered to sustain the motion, or any part thereof.

Application overruled.