**HAMMOND v. STATE.  (7 Div. 235.)**

(Court of Appeals of Alabama.  April 13, 1926. Rehearing Denied June 15, 1926.)

**1. Criminal law ⬤⟾1036(8), 1063(4).**

Where affirmative charge for defendant was not requested nor motion for new trial made, question of sufficiency of evidence to authorize conviction was not presented for consideration of Court of Appeals.

**2. Criminal law ⬤⟾1036(8).**

To justify review of evidence as insufficient to warrant conviction by appellate court, ruling of trial court on such proposition must be properly invited.

**3. Criminal law ⬤⟾508(1).**

Accomplices are competent as witnesses.

**4. Criminal law ⬤⟾811(1), 815(1).**

Charges singling out part of evidence and not being predicated on evidence *held* properly refused.

**5. Criminal law ⬤⟾829(1).**

Charge not predicated on evidence and fairly and substantially covered by another charge given *held* properly refused.

**6. Intoxicating liquors ⬤⟾238(1).**

Charge in liquor prosecution, requesting court to charge as matter of law that still was not suitable to make liquor, *held* properly refused, in view of evidence thereon.

On Rehearing.

**7. Criminal law ⬤⟾992.**

Judgment of guilty of distilling as charged in indictment *held* to respond to verdict finding defendant guilty as charged, and not void though use of term distilling was inapt and likely misprision on part of clerk.

**8. Criminal law ⬤⟾1063(4).**

Where, after affirmative charge for defendant was given as to one count of indictment, jury returned verdict of guilty as charged in indictment, proper course if injury was occasioned thereby was to move for new trial.

Appeal from Circuit Court, Cherokee County.

Gene Hammond was convicted of violating the prohibition law, and he appeals. Affirmed.

Hugh Reed, of Center, for appellant.

There was no evidence that defendant was in possession of the still, and the state failed to prove that the so-called still was capable of use to make liquor. Defendant was therefore entitled to the affirmative charge. Moody v. Farmer, 20 Ala. App. 572, 104 So. 142; Miller v. State, 20 Ala. App. 279, 101 So. 510. Accomplices of defendant were incompetent to testify. Alexander v. State, 20 Ala. App. 432, 102 So. 597; Harris v. State, ante, p. 67, 105 So. 389; Code 1923, § 5635. A judgment will not be permitted to stand, where the judgment entry declares that defendant was convicted of one offense, when in fact conviction was for another and separate offense. Meadows v. State, ante, p. 72, 105 So. 428; Collins v. State, ante, p. 192, 106 So. 624.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The sufficiency of the evidence to support the verdict is not presented for review. Campbell v. State, 20 Ala. App. 118, 101 So. 84; Parcus v. State, 19 Ala. App. 592, 99 So. 662. Testimony of accomplices is admissible. Bradley v. State, 19 Ala. App. 578, 99 So. 321.

BRICKEN, P. J. The court at the request of defendant, in writing, gave the affirmative charge in favor of the defendant as to the first count of the indictment.

[1, 2] As to the offense charged in the second count of the indictment the trial court had jurisdiction of the subject-matter and of the person. There was some evidence tending to show the guilt of this appellant of the offense charged in the count and the

question of the sufficiency of the evidence to authorize the verdict of the jury in finding the defendant guilty is not presented for the consideration of this court, as the affirmative charge for defendant, as to the second count, was not requested, nor was there a motion for a new trial. The rule is, that where the evidence is deemed insufficient to warrant a conviction, a ruling of the trial court on that proposition must be properly invited (usually by special instruction requested) in order to invoke or justify a review of the question, so raised in the court below, by this appellate court. Such is the settled rule, on principle and in practice, by which this court is bound. Knapp v. McBride, 7 Ala. 19; Skinner v. State, 30 Ala. 524; Hubbard v. State, 72 Ala. 164; Dentler v. State, 112 Ala. 70, 20 So. 592; Bowden v. State, 91 Ala. 61, 8 So. 694; Ex parte Knight, 61 Ala. 482; Watts v. State, 204 Ala. 372, 86 So. 70; Moragne v. State, 16 Ala. App. 26, 74 So. 862; Morrissette v. State, 16 Ala. App. 32, 75 So. 177; Strickland v. Town of Samson, 16 Ala. App. 592, 80 So. 166; Marshall v. State, 18 Ala. App. 46, 88 So. 369; Baker v. State, 18 Ala. App. 48, 88 So. 370; Wade v. State, 18 Ala. App. 322, 325, 92 So. 97; Pritchett v. State, 18 Ala. App. 628, 93 So. 341.

[3] There were several exceptions reserved to the rulings of the court upon the testimony, all of them relating to the evidence of two accomplices; Nabors and Ratledge. The appellant took the position in the lower court, and here argues, that the accomplices were incompetent to testify. This insistence is untenable. We know of no law or rule of evidence, in cases of this character, which renders an accomplice incompetent as a witness. The statute does provide that a conviction of felony cannot be had on the testimony of an accomplice, unless the evidence given by such accomplice be corroborated by other evidence tending to connect the accused with the commission of the offense. This, of course, cannot mean that the accomplice is incompetent to testify as a witness as here contended. As hereinabove stated, the question of the sufficiency of the evidence to justify a conviction is not presented, as no ruling on this question was invoked in the lower court. Authorities, supra.

[4] Charges 1 and 2 refused to the defendant singled out a part of the evidence; for this reason they were properly refused, and said charges were not predicated upon the evidence adduced upon this trial. Gilchrist v. State, 20 Ala. App. 307, 101 So. 634.

[5] Refused charge 3 was not predicated upon the evidence; moreover, the substance of this charge was fairly and substantially covered by given charge 3; for these reasons it was properly refused.

[6] Charge 4 was properly refused. It required the court to charge the jury as, a matter of law that under the evidence in the case the still in question was not suitable to make liquor on, and this the court was without authority to do as there was evidence tending to show that it was a complete still, etc. In this connection witness B. R. Blair testified:

"I am the sheriff of this county. I arrested the defendant some time ago. They had left the still when we arrested them coming in. I could see a light in the direction of the still. We found a still and three or four barrels of beer, a still complete, and a block of ice. There was a furnace which was still hot, a fire under the furnace, and the cap was removed, and the worm was hid off about 8 or 10 feet. It looked to be a 40 or 50 gallon still, etc."

This evidence and other of like import was introduced without objection. The mere fact that defendant and his associates failed to make whisky on the still would not justify or warrant the court to give the charge in question. Moreover, there was evidence tending to show that the failure of the three men to succeed in making whisky was due to their lack of experience and knowledge as to how whisky is made or manufactured, each of them having given evidence tending to show that fact.

The record appears regular in all things.

Affirmed.

## On Rehearing.

It is urged upon application for rehearing that:

"The affirmance of the judgment of conviction from which the appeal was taken is erroneous, for that appellant was convicted of the offense of 'distilling' and not of possessing a still, and there was no evidence to sustain a conviction for the offense of distilling since it did not appear that any liquor was in fact made at any time and place for which appellant was prosecuted."

[7, 8] As stated in the opinion, there were two counts in the indictment, and the court gave the affirmative charge, with hypothesis, for defendant as to count 1. However, the jury returned a general verdict; to wit, "We, the jury find the defendant guilty as charged in the indictment." In entering the judgment it was made to read: "It is therefore considered and adjudged by the court that the defendant is guilty of distilling as charged in the indictment." This judgment was regular on its face, and, while it is apparent that the use of the term "distilling" was inapt and most likely a mere misprision upon the part of the clerk, it responds to the verdict of the jury and is not void. The verdict of the jury is referable to each count of the indictment, and if injury to the substantial rights of the defendant is occasioned

by the refusal of the jury to follow the written instructions of the court, the proper course would be to invite the court's rulings to remedy the wrong thus complained of.. Therefore such merit as might have been contained in the insistence of appellant in this connection should have been tested by a motion for a new trial in the court below. No such motion was made, and as the matter is here presented we are not authorized to declare and hold that reversible error is apparent.

Application overruled.