(108 So. 650)

## MALLORY v. CITY OF TUSCALOOSA.
### (6 Div. 691.)

(Court of Appeals of Alabama. May 18, 1926.)

1. Criminal law ⊕⇒1056(1)—Portions of oral charge complained of will not be reviewed on appeal, where no exception was reserved thereto in manner prescribed by law.

Portions of oral charge of trial court which were complained of will not be reviewed on appeal, where no exception was reserved thereto in manner prescribed by law.

2. Municipal corporations ⊕⇒643—Court may sentence one convicted of violating city ordinance to work out fine at hard labor.

Court held authorized to sentence one convicted of violating city ordinance to work out fine and costs at hard labor for city at 40 cents per day, and to impose six months' hard labor for city as additional punishment to that imposed by jury.

3. Criminal law ⊕⇒753(2).

Refusal of general affirmative charge for defendant held not error, where evidence was in conflict.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Marie Mallory was convicted of violating an ordinance of the City of Tuscaloosa by having whisky in her possession, and she appeals. Affirmed.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

The sentence requiring the defendant to work out the fine and costs at the rate of 40 cents a day was unauthorized. Guin v. Tuscaloosa, ante, p. 61, 106 So. 66. The circuit court had no right to add hard labor to the punishment fixed by the jury. Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725; Thomas v. Mobile, 203 Ala. 96, 82 So. 110; Const. 1901, § 15. Evidence obtained by an illegal search should not be admitted. Hogg v. State, 18 Ala. App. 179, 89 So. 859.

S. H. Sprott, of Tuscaloosa, for appellee.

Where no exception is reserved to the oral charge of the court, nothing is presented for review. Reeder v. State, 210 Ala. 114, 97 So. 73; Ex parte State, 204 Ala. 389, 85 So. 785; Tucker v. State, 202 Ala. 5, 79 So. 303. The circuit judge was authorized to sentence the defendant to hard labor at 40 cents a day. Guin v. Tuscaloosa, ante, p. 61, 106 So. 64; Id., 213 Ala. 685, 106 So. 67; Walton v. Tuscaloosa, ante, p. 64, 106 So. 67. Whether or not the officers had a search warrant, evidence obtained by them in a search of defendant's premises was admissible, Banks v. State, 207 Ala. 179, 93 So. 293, 24 A. L. R. 1359; Taylor v. State, 18 Ala. App. 439, 93 So. 305.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RICE, J. Appellant was convicted of the offense of violating an ordinance of the city of Tuscaloosa, specified, by having whisky in her possession.

[1] The portions of the oral charge of the trial court complained of here will not be reviewed, since no exception was reserved thereto in the manner prescribed by law. Reeder v. State, 210 Ala. 114, 97 So. 73; Ex parte State ex rel. Smith, etc. (Montgomery v. State), 204 Ala. 389, 85 So. 785.

[2] The court was acting within its rightful province in sentencing the defendant to work out the fine and costs at hard labor for the city at the rate of 40 cents per day, and in imposing six months' hard labor for the city as additional punishment to that imposed by the jury. Guin v. City of Tuscaloosa, ante, p. 61, 106 So. 64.

The evidence obtained by search of defendant's residence was properly admitted whether or not the officers had a search warrant for the premises when the search was made. Banks v. State, 207 Ala. 179, 93 So. 293, 24 A. L. R. 1359.

[3] The evidence was in conflict. There was no error in refusing the general affirmative charge requested by appellant.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.