[Cartiledge v. The State.]

# Cartiledge *v.* The State.

*Indictment for Gaming*

(Decided February 13, 1902.)

1. *Objection to question; when ruling on not reviewable.*—Where the bill of exceptions does not show that questions, objections to which were overruled, were answered, the ruling on said objections furnishes no ground for reversal.

2. *Gaming; public place; what constitutes; general charge.*—Where there was evidence tending to show that defendant played at a game of cards in a bed-room of one W., and that an indefinite number of persons and different persons at different times had used this room every week or two throughout the preceding year for that purpose whenever they saw fit, and without special invitation from W., it was open to the jury to find that the defendant played a game of cards at a public place, and he was not entitled to the general affirmative charge.

3. *Gaming; playing cards in a bed-room; charge.*—A charge is faulty which declares that the playing every night in the year in a bed-room by a party or some members of a party composed of the same members could not make the place a public place under the statute.

4. *Charge to jury; facts hypothesized, not shown by evidence.*—The refusal of a charge in a criminal case is not error, where it hypothesizes facts not shown by the evidence, and authorizes the acquittal of the defendant if the jury should come to the conclusion that the act was done under "the foregoing statement of facts and circumstances."

APPEAL from the City Court of Montgomery.

Tried before Hon. W. H. THOMAS.

The defendant, Sam Cartiledge, was indicted and convicted for gaming under section 4792 of the Code. During the trial the defendant objected to questions to certain witnesses, which objections were overruled, and exceptions reserved by defendant. But it does not appear that any of these questions were answered.

2s

[Cartiledge v. The State.]

The refusal of the following charges requested by defendant is assigned as error, viz.: (1.) "If the jury believe all the evidence in this case beyond a reasonable doubt, the defendant must be acquitted." (5.) "A party composed of the same members may resort to the private bed-room of one of them and play among themselves every night in the year and it will not make them guilty of gaming under the law, and it matters not whether all of them are present and playing each time or not; nor does it make a public place so as to justify a conviction for gaming if upon one occasion one of the original party invite one stranger to join them in a game of cards at said place and with them; and if upon a consideration of all the evidence you come to the conclusion that the playing was done under the foregoing statement of facts and circumstances, the defendant must be acquitted."

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—It appears to be settled by the decisions of this court that the overruling of an objection to a question propounded to a witness cannot be reviewed, or at least furnishes no ground for a reversal, unless the bill of exceptions shows that the question was answered and what the answer was.—*Hughes v. State*, 75 Ala. 31, and authorities there cited; *Allen v. Draper*, 98 Ala. 590. The rule is otherwise where an objection to a proper question is sustained.—*Nelson v. State*, 130 Ala. 83. All exceptions reserved by defendant in respect of testimony were to the overruling of his objections to questions which are not shown by the bill of exceptions to have been answered, and under the rule declared first above appellant can take nothing by these exceptions even though some of the questions may have been open to the objection made to them.

The evidence for the State tended to show that the defendant played at a game of cards in the bed-room of one Wilson on Commerce street in the city of Montgom-

ery and that an indefinite number of persons, and different persons at different times had used this room every week or two throughout the preceding year for the purpose of gaming, and they came and went there for that purpose whenever they saw fit, and without special invitation of Wilson the owner. On this evidence it was open to the jury to find that the defendant played a game of cards at a public place, and the court properly refused to give the affirmative charge for defendant.

The special charges given at the request of the defendant fully cover the aspect of the case most favorable to him and are full favorable to him, in their statements of the law. The special charge refused to the defendant hypothesizes facts not in evidence as, for instance, the case of a party composed of the same members playing in the private bed-room of one of them "every night in the year," etc., etc., and concludes as follows: * * * "and if upon a consideration of all the evidence you [the jury] come to the conclusion that the playing was done under the foregoing statement of facts and circumstances the defendant must be acquitted." The "foregoing facts and circumstances" not being the facts and circumstances in evidence in this case, the court was under no duty to give the charge, albeit the facts hypothesized may have been in some respects more unfavorable to defendant than those in the evidence most favorable to him. Moreover, the charge is absolutely faulty in that it declares that the playing every night in the year in a bed-room by a party or some members of a party composed of the same members could not make the bed-room a public place under the statute, whereas this party may have been so numerous as to constitute the place practically a common resort of the community for the purposes of gaming, and hence a public place within the terms of the statute.

We discover no reversible error in the record and the judgment of the city court will be

Affirmed.