(75 South. 692)

KING v. STATE. (6 Div. 291.)

(Court of Appeals of Alabama. May 8, 1917. Rehearing Denied May 29, 1917.)

1. CRIMINAL LAW 1091(4) — APPEAL — ADMISSION OF EVIDENCE — NECESSITY OF SETTING OUT EVIDENCE.

The trial court's action in admitting the note alleged to have been forged will not be reviewed, where the note is not set out in the bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2816, 2832, 2931–2933.]

2. CRIMINAL LAW 452(4)—OPINION EVIDENCE — HANDWRITING — QUALIFICATION OF WITNESS.

In a prosecution for forgery, a witness who had seen the party, whose name was forged, write, or knew his handwriting, could express opinion as to genuineness of the signature in question, although the extent of his familiarity with such handwriting will enter into the weight of his testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1055.]

3. CRIMINAL LAW 741(1) — QUESTION FOR JURY—WEIGHT OF EVIDENCE.

The sufficiency and weight of the evidence in a criminal prosecution is a question for the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1705, 1713, 1727, 1728.]

4. CRIMINAL LAW 1134(2) — APPEAL AND ERROR—ADMISSION OF EVIDENCE.

Where defendant did not advise the court what answer he expected to questions excluded on state's objection, the appellate court will not consider the ruling.

5. FORGERY 37—ADMISSION OF EVIDENCE.

In a prosecution for forging a note, evidence as to whether the person whose name had been forged had ever been a surety for defendant was inadmissible, as not relevant to the issue.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 105–107, 111.]

6. CRIMINAL LAW 1170(3)—HARMLESS ERROR—EXCLUSION OF EVIDENCE—SIMILAR EVIDENCE SUBSEQUENTLY ADMITTED.

Where defendant in a prosecution for forgery was afterwards permitted to explain his flight, any error in previously sustaining state's objection to questions relating thereto was harmless.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3147.]

7. CRIMINAL LAW 1066—APPEAL—NECESSITY OF EXCEPTIONS—MOTION FOR NEW TRIAL.

It is essential to the right to review a ruling on a motion for new trial that an exception should be reserved in view of Acts 1915, p. 722, specifically requiring such action.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2686.]

8. CRIMINAL LAW 1124(4)—APPEAL—MATTERS TO BE SHOWN BY RECORD—MOTION FOR NEW TRIAL.

It is essential to the right to review a ruling on a motion for new trial that exception thereto, together with evidence and ruling on the motion, should be incorporated in the bill of exceptions in view of Acts 1915, p. 722, specifically requiring such action.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2948.]

Appeal from Circuit Court, Cullman County: R. C. Brickell, Judge.

Shannon King was convicted of forgery, and appeals. Affirmed.

Tumlin & Ingram, of Cullman, and Erle Pettus, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for forging the name of J. O. Taylor to a certain promissory note. Before the trial of this case the said J. O. Taylor died.

[1] Assignments of error 1, 2, and 3 are based upon the ruling of the court in admitting in evidence the note alleged to have been forged. This court cannot review the action of the trial court in this connection, as the note alleged to have been forged is not set out in the bill of exceptions. An exception to the admission or rejection of evidence should always disclose the evidence admitted or rejected, in order that a revising court can intelligently pass judgment on it. Burns v. State, 49 Ala. 370; Cartiledge v. State, 132 Ala. 17, 31 South. 553. However, from the facts as shown by the record in connection with the introduction of the note in evidence, it does not appear that the grounds of objection were well taken, or that there was merit in any of them, and the rulings of the court in this matter, so far as we are able to ascertain from the record, were free from error.

[2] On the trial of the case, Walter Taylor, a witness for the state, testified that he was the son of J. O. Taylor deceased; that he had seen his father write, and had seen him write his name; that his father had been a justice of the peace, and witness had seen him write his papers as such; and that he was familiar with his father's handwriting; and in his opinion the signature to the note in question was not the signature of his father. J. O. Taylor. The defendant objected to this testimony on the ground that "the witness had not been sufficiently qualified," and reserved an exception to the overruling of the objection by the court. A witness who has seen the party write, or who knows his handwriting, may express his opinion as to the genuineness of the signature. The extent of his familiarity naturally will enter into the weight of his testimony. Wharton on Evidence, §§ 707, 708; Ware v. Burch et al., 148 Ala. 529, 42 South. 562, 12 Ann. Cas. 669. It follows that there was no error in the ruling of the court on this question. Authorities supra.

[3] The court properly overruled defendant's motion to exclude the evidence of the state. Evidence which is pertinent, and tends to prove the issue, cannot be excluded, but must be submitted to the jury for its consideration. The sufficiency and weight of the evidence is a question for the jury. Alsabrooks v. State, 52 Ala. 24; Storey v. State, 71 Ala. 329, 336.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] No reversible error is shown in the ruling of the court in sustaining the state's objection to the questions propounded by defendant to Mrs. King, defendant's witness, and wife of the defendant. It does not appear that the defendant advised the court what answer he expected to these questions; this was necessary in order that this court could pass intelligently on the rulings. It not having been shown what answers from the witness were expected, we cannot therefore consider them. Parham v. State, 147 Ala. 57, 42 South. 1; Tolbert v. State, 87 Ala. 27, 36 South. 284; Ross v. State, 139 Ala. 144, 36 South. 718.

[5] The defendant testified in his own behalf, and pending his examination was asked the following question: "Did Taylor ever become your surety at any time prior to this?" It is insisted that the court erred in sustaining the state's objection to this question. However, there is no merit in this contention, as the defendant failed to advise the court what answer he expected to the question. Authorities supra. And, furthermore, this question called for evidence that was not relevant to the issue. Whether or not the deceased Taylor had ever been a surety for the defendant prior to the time of the alleged forgery tends to shed no light on any issue in this case. Its tendency, however, may have been to prove that the defendant had had an opportunity to see the signature of the said Taylor and was in a position to imitate it and forge it to the instrument upon which this prosecution was based.

[6] Under the rule above announced, there was no error in the court's ruling on the objections of the state to questions propounded to the defendant relative to flight. Furthermore, the defendant was afterwards permitted to explain his having left the state, and was thus afforded all the rights allowed him under the law in this connection. Sylvester v. State, 71 Ala. 17; White v. State, 111 Ala. 92, 21 South. 330.

[7, 8] The motion for a new trial presents only one question besides those already discussed, and that is with reference to the argument of the solicitor to the jury. No exception appears to have been made to the argument complained of, nor does the argument appear in the bill of exceptions; therefore this court is not advised of the facts in such manner that it can review the action of the court as to this matter. Further, it does not appear from the record in this case that an exception was reserved to the ruling of the trial court in overruling the motion for a new trial, nor is the motion or decision of the court shown by the bill of exceptions, and hence cannot be reviewed. Under the present law (Acts 1915, p. 722), it is essential to the right to review the ruling of the trial court on a motion for a new trial that an exception should be reserved, and that this, together with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions. Britton v. State, 15 Ala. App. 584, 74 South. 721.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.