(85 South. 577)

GILLESPY v. STATE.    (6 Div. 628.)

(Court of Appeals of Alabama.    Jan. 20, 1920.)

INDICTMENT AND INFORMATION ⚖️32(2)—SEPARATE COUNTS NOT REQUIRED TO CONCLUDE WITH "AGAINST THE PEACE," ETC.

The separate counts of an indictment are not all required to conclude with the sentence "against the peace and dignity of the state of Alabama"; it being sufficient if the indictment itself concludes with such averment, without reference to the number of counts contained therein.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Dennis Gillespy was convicted of robbery, and he appeals. Affirmed.

Grace & Simpson, of Birmingham, for appellant.

The evidence did not support a conviction. 102 Ala. 25, 15 South. 722; 59 Ala. 106; 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682; 8 Ala. App. 187, 62 South. 579; 91 Ala. 34, 9 South. 81; 69 Ala. 249; 80 Ala. 4; 136 La. 345, 67 South. 26.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion to exclude all the evidence and the motion for new trial are not set out in the bill of exceptions, and cannot be considered. 78 South. 309; Acts 1915, p. 598; Id. 722.

BRICKEN, P. J. The defendant was convicted of robbery, and his punishment fixed by the jury at 10 years' imprisonment in the penitentiary.

No demurrer or other objection was interposed as to the indictment, but in argument here appellant's counsel insists that the first count was defective, because it failed to conclude with the sentence "against the peace and dignity of the state of Alabama." Even if this question was properly presented for review, there would be no merit in the contention, as it is not necessary that each count should conclude against the peace and dignity of the state of Alabama; it is a sufficient compliance with the statute if the indictment concludes with this averment, without reference to the number of counts contained in the indictment. McGuire v. State, 37 Ala. 161; Code 1907, § 7131; Harrison v. State, 144 Ala. 20, 26, 40 South. 568.

The record on this appeal discloses an unusual state of facts, in that during the entire trial no objection was interposed to any ruling made by the court, and no exception reserved during the whole trial. Nor were any special or written charges refused to the defendant by the court. At the conclusion of the testimony for the state, the defendant made a motion to exclude the testimony. No exception was reserved to the ruling of the court in refusing to grant this motion; but, if there had been, the exception would have been without merit, as there was sufficient evidence in the case to authorize its submission to the jury, and, if believed by them, to convince the jury beyond a reasonable doubt that the defendant was guilty as charged. Some of the evidence offered not only showed that the defendant aided, abetted, and encouraged another in the commission of the robbery, the robbery being clearly shown, but also that he actually participated, and took an active part in the commission of the offense.

While the ruling of the court in refusing to grant a new trial is not properly presented for review (Acts 1915, p. 722; King v. State, 16 Ala. App. 103, 75 South. 692–694), it is clearly apparent that the court committed no error in this connection. The record proper is free from error, and it is clear that no ruling made by the court has injuriously affected the substantial rights of the defendant. The judgment of conviction is affirmed.

Affirmed.