(90 South. 70)

## ROBERSON v. STATE. (8 Div. 732.)

(Court of Appeals of Alabama. April 12, 1921. Rehearing Denied May 10, 1921.)

**1. Intoxicating liquors ☜209—Objections to indictment for distilling held hypercritical.**

Where the indictment charged that defendant distilled alcoholic, spirituous, etc., liquors, a part of which was alcohol, since January 15, 1919, objections that it did not conform to the requirements of Acts 1919, p. 6, did not allege a means, or that alcohol constituted a part of the liquors, or what parts were alcoholic, were hypercritical.

**2. Criminal law ☜364(5)—Declarations of accused while drawing whisky from still held admissible for him as "res gestæ."**

In a prosecution for distilling intoxicating liquor, where defendant claimed he merely drew off some of the liquor from the still for the use of his sick daughter-in-law, declarations by defendant while he was drawing the liquor were admissible on his behalf as part of the "res gestæ," which is defined as the transaction, thing done, or subject-matter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

**3. Criminal law ☜365(1) — Declarations showing guilt of another offense admissible as defense to distilling.**

In a prosecution for distilling intoxicating liquors, res gestæ declarations by defendant are admissible in his defense if they showed he was not guilty of distilling, even though they showed him to be guilty of a different offense.

**4. Criminal law ☜683(1)—Declarations as to purpose in getting whisky held admissible after rebuttal.**

In a prosecution for distilling, where the state had shown that defendant paid nothing for the whisky he drew from the still, for the purpose of showing defendant had an interest in the still, declarations by defendant while drawing the whisky that he wanted it for his daughter-in-law were admissible in rebuttal.

**5. Criminal law ☜364(2), 419, 420(8)—Testimony defendant refused to work at still held inadmissible.**

In a prosecution for ·distilling, testimony that another had tried to employ defendant to work at the still, but he refused to do· so, was not part of the res gestæ, and was inadmissible as hearsay and as evidence manufactured by defendant for himself.

**6. Criminal law ☜763, 764(1), 829(1)—Requested charges covered by given charge or on effect of evidence properly refused.**

Charges requested by accused, which were either covered by the oral charge or were upon the effect of the evidence, were properly refused.

**7. Criminal law ☜1124(4)—Showing of evidence necessary to review of ruling on new trial.**

The ruling by the trial court on the motion of accused for new trial cannot be reviewed where it was not shown what, if any, evidence was offered in support of the motion.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Sam Roberson was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

The indictment reads:

"Sam Roberson distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, since January 15, 1919."

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The indictment was demurred to as follows: Does not conform to the requirements of the Prohibition Act of 1919 (Laws 1919, p. 6); does not allege by what means defendant made or manufactured said liquor; does not aver that alcohol constituted a part of the beverages or liquors mentioned in the indictment, nor what part were alcoholic. The other facts sufficiently appear from the indictment.

John W. Brown, of Boaz, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The question of the regularity of the indictment is not before the court. Acts 1909, p. 305; Reeves, alias, v. State, 17 Ala. App. 684, 88 South. 197. There was no error relative to evidence. 55 Ala. 120; 133 La. 396, 63 South. 61, 47 L. R. A. (N. S.) 448. No evidence was offered in support of the motion for new trial. 16 Ala. App. 545, 79 South. 804.

BRICKEN, P. J. The insistence of the defendant that the indictment is void, and the conviction and sentence is coram non judice, because of the improper formation of the grand jury, has been decided adversely to the contention of the defendant in the case of Bob Lang v. State (8 Div. 740) ante, p. 88, 89 South. 164, where the identical question was presented.

[1] The demurrers to the indictment were properly overruled; the objections to the indictment raised by the demurrers were hypercritical.

[2] The most damaging testimony in connecting the defendant with the operating of the still was the fact that he was seen to secure in a pint bottle a small quantity of the whisky which was at that time running from the still, and in offering to explain this act the defendant undertook to prove by witness Adams what he said at that time and place concerning his getting the whisky; but, upon objection by the state, the court would not allow defendant to make this proof. This was clearly a part of the res gestæ and as such was admissible. Much has been written as to what constitutes the res gestæ, and it would seem that the following definition of the term is peculiarly applicable to this case:

"The term 'res gestæ' is defined as the transaction, thing done, or subject-matter, as when it is necessary, in the course of a case, to inquire into the nature of a particular act, or the intention of the party who did the act. Proof of what the person said at the time of doing it is admissible in evidence as part of the res gestæ, for the purpose of showing its true character. The general rule is that declarations, to become a part of the res gestæ, must accompany the act which they are supposed to characterize, and so harmonize with them as to constitute one transaction."

The defendant was indicted, tried, and convicted of the offense of distilling, making, or manufacturing prohibited liquors, and the contention of the state was that he, together with others, participated in the operation of a still raided by the officers, the state's testimony being to the effect that he and three other men were in close proximity to the still when it was discovered by them, and, in the language of the state witnesses, "they all seemed to be busy." The defendant, however, stoutly denied that he had any interest in the still, and denied that he in any manner participated in its operation or the making of the whisky, and in this he was corroborated by each of the several witnesses who were present at the still when the raid was made, and who testified in behalf of the defendant upon this trial. He undertook to explain his presence there by showing that his son's wife was very ill, and that on the morning in question he had been to Douglass and beyond, to bring his son and his desperately ill wife to his (defendant's) home. That the sick woman was afflicted with heart dropsy, and had frequent sinking spells, and that, following out the instructions of the physician attending her, he undertook to secure a small quantity of whisky at the still for the purpose of bathing the sick woman with the stimulant when she was suffering from these sinking spells. The sick woman died within a few days after the still was raided. The defendant admitted that, upon arriving at his home, with the sick woman and his son, between 11 and 12 o'clock, he secured a pint bottle and went to the still for the purpose indicated, and caught the bottle about half full of whisky while it was running out of the still. The question propounded to witness and to which objection was sustained, was, What did defendant say at that time as to what purpose he wanted the whisky? As before stated, any statement made at the particular time by the defendant, as well as the actions and conduct of the defendant, constituted a part of the res gestæ, and should have been permitted. This testimony was highly important to the defendant to sustain his theory and defense, and he should have had the benefit of it before the jury, for, if believed by the jury, it would have had the tendency to refute the charge that he was engaged in operating the still and making or manufacturing the liquor in question.

[3] It does not matter that under the statement of the defendant himself his actions would constitute a violation of some of the existing prohibition laws; the sole and only question involved in this prosecution was the charge contained in the indictment under which he was being tried, and not some other charge not included in the indictment or

comprehended within its terms. In other words, if the insistence of the defendant was true that he had nothing whatever to do with the distilling, making, or manufacturing the whisky, and that his presence at the still was for the sole purpose, as indicated, to get the whisky for the sick woman, it follows, of course, that he should not be convicted of the felony charged in the indictment; and, to the end that the jury be allowed to try the issues fairly and impartially, all legal testimony bearing upon either phase or contention involved should have been allowed to go to the jury for its consideration.

[4] The state was allowed to prove that defendant paid nothing for the small amount of whisky he secured, and it is reasonable to suppose that the purpose of this testimony was to show that he was therefore interested in the still. Certainly the jury would have been warranted in so concluding. To refute this tendency of that testimony the evidence sought, as above indicated, should have been allowed.

[5] There was no error in the ruling of the court in refusing to allow witnesses Thrasher and Adams to testify as to Adams' efforts in trying to employ defendant to work at the still, and his refusal to do so. This was no part of the res gestæ, and was therefore hearsay, and also would have violated the rules of evidence which precludes a defendant from making testimony for himself.

[6] The charges refused to the defendant were either covered by the oral charge of the court or were objectionable as being charges upon the effect of the evidence. They were therefore properly refused.

[7] Defendant made motion for a new trial, but it is nowhere shown what, if any, evidence was offered in support of this motion. It follows, of course, that the court's action in this connection cannot be reviewed. Crawley v. State, 16 Ala. App. 545, 79 South. 804; King v. State, 16 Ala. App. 103, 75 South. 692.

For the error designated, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.