(92 South. 81)

## RICE v. STATE (7 Div. 718.)

(Court of Appeals of Alabama. Jan. 31, 1922.)

1. Criminal law ⊜⇒753(2)—Where evidence conflicting, affirmative charge properly refused.

Where the evidence was conflicting, the refusal of the court to give written charges, both of which were the affirmative charge for defendant, was proper.

2. Criminal law ⊜⇒825(2)—Special charge as to included offenses must be requested.

In a prosecution for assault with intent to commit rape, if accused was not satisfied with the oral charge because court failed to charge on lower included offense of assault and battery, he must request a special charge on the subject.

Appeal from Circuit Court, Randolph County; Lum Duke, Judge.

Lincoln Rice was convicted of an assault with intent to rape, and he appeals. Affirmed.

R. J. Hooton, of Roanoke, for appellant.

The court should have charged upon the law of the lesser offense. Sections 6311 and 7135, Code 1907; 8 Ala. App. 295, 62 South. 394. Counsel discuss other assignments of error, but without further citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no evidence to justify a verdict for a lesser offense. 195 Ala. 681, 71 South.

452. Counsel requested no special charges on that subject. 173 Ala. 675, 55 South. 1001. The defendant was not entitled to the affirmative charge. 17 Ala. App. 162, 82 South. 652. No evidence was offered in support of the motion for new trial, and the motion cannot be considered. 16 Ala. App. 545, 79 South. 804.

BRICKEN, P. J. The only questions properly presented for review on this appeal is the refusal of the court to give, at the request of defendant, special written charges 1 and 2, both of which were the affirmative charge for the defendant.

[1] The evidence was in conflict, and was therefore a question for the determination of the jury. These charges were properly refused.

No exceptions were reserved to the oral charge of the court, nor were any of the rulings of the court upon the testimony excepted to.

[2] Appellant's counsel insist in brief that, in the indictment upon which appellant was tried, in addition to the offense of an assault to ravish, there was also included the lower offense of an assault, and of assault and battery, and contends that the trial court committed reversible error in 'failing to charge the jury as to these lower offenses included in said indictment. The Attorney General on the other hand insists that defendant cannot complain of the fact that the court did not instruct the jury on assault and assault and battery, for the reason he was either guilty of the offense charged or he was not guilty of anything, and further contends that there was no evidence to justify a verdict of assault or assault and battery (citing White v. State, 195 Ala. 681, 71 South. 452). Pretermitting the insistence of the Attorney General in this connection, we must hold that, if the defendant was not satisfied with the oral charge of the court because omissive of certain elements, special charges on that subject should have been requested. See L. & N. R. R. Co. v. Holland, 173 Ala. 675, 55 South. 1001, in which it is held that "one not satisfied with an oral charge, because omitting certain elements, should request a special charge covering this feature before he is entitled to complain." See, also, McPherson v. State, 198 Ala. 5, 73 South. 387.

The ruling of the court on motion for new trial is not presented for review. Crawley v. State, 16 Ala. App. 545, 79 South. 804; King v. State, 16 Ala. App. 103, 75 South. 692; Powell v. Folmar, 201 Ala. 271, 78 South. 47.

No error is apparent on the record. It follows that the judgment of the lower court must be affirmed.

Affirmed.