**GREEN v. STATE. (4 Div. 179.)**

(Court of Appeals of Alabama. Nov. 24, 1925. Rehearing Denied Dec. 15, 1925.)

**1. Criminal law ⟜1030(4)—Exception need not be reserved to ruling of circuit court in dismissing motion to dismiss appeal.**

Under Code 1923, § 9459, exception need not be reserved to ruling of circuit court in dismissing motion to dismiss appeal from county court.

**2. Criminal law ⟜1083—When an appeal is taken and perfected from judgment, such appeal divests lower court of all jurisdiction thereof.**

When an appeal is taken and perfected from judgment of any court to higher court, jurisdiction vests at once in higher court, and such appeal divests court from which it is taken of all jurisdiction thereof.

**3. Criminal law ⟜260(8)—Motion of defendant, convicted for violation of prohibition law, to dismiss appeal properly dismissed.**

Motion of defendant, who was convicted of violation of prohibition law in county court, and perfected appeal in circuit court, to dismiss appeal held properly dismissed; Code 1923, §§ 3250 and 3251, relating only to ap-

peals taken to Supreme Court or Court of Appeals.

**4. Criminal law ⬅1030(4)—Objection that complaint in circuit court against defendant for violation of prohibition law was departure from affidavit could not be raised for first time in Court of Appeals.**

Where defendant, after being convicted for violation of prohibition law in county court, appealed to circuit court, *held* that objection that complaint, valid, though defective, filed by solicitor in circuit court, was departure from original charge contained in affidavit could not be raised for first time in Court of Appeals.

**5. Criminal law ⬅368(1)—Testimony as to what was found on search held properly admitted as res gestæ in prosecution for violation of prohibition law.**

In prosecution for violation of prohibition law, testimony as to what was found by officers who searched premises of defendant under search warrant *held* properly admitted as relating to res gestæ.

**6. Intoxicating liquors ⬅238(1)—In prosecution for violation of prohibition law, evidence held to present jury question.**

In prosecution for violation of prohibition law, evidence as to guilt *held* sufficient to present question of fact for jury.

**7. Criminal law ⬅1086(14)—Objection to admission of evidence in prosecution for violation of prohibition law would not be considered on appeal, where no ruling or exception in record.**

In prosecution for violation of prohibition law, objection to testimony of witness as to statement of another would not be considered on appeal, where no ruling or exception was shown in record.

**8. Criminal law ⬅407(2)—Where witness testified to statement made in defendant's presence, state could properly question witness as to whether defendant made any reply.**

Where, in prosecution for violation of prohibition law, witness testified that he was told by T., in presence of defendant, that T. bought liquor from defendant, *held* that solicitor for state properly questioned witness as to whether defendant made any reply.

**9. Criminal law ⬅805(1)—Special written charge elliptical, unintelligible, and involved, properly refused.**

Special written charge, in prosecution for violation of prohibition law, elliptical, unintelligible, and involved, *held* properly refused.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Morgan Green was convicted of violating the prohibition law, and he appeals. Affirmed.

D. A. Baker, of Troy, for appellant.

An appeal to the circuit court from a judgment of the county court is a matter of right, and carries with it the right to dis-

miss the appeal before judgment. Mobley v. State, 53 Ala. 646; Code 1923, § 3251. The addition of different offenses to the complaint in the circuit court, not contained in the affidavit upon which the defendant was tried in the county court, rendered the complaint in the circuit court defective. Tatum v. State, 66 Ala. 465. Evidence of transactions with which defendant was not connected are inadmissible. Wildman v. State, 139 Ala. 125, 35 So. 995.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Sections 3250, 3251, of the Code of 1923 relate to appeals to the Supreme Court and Court of Appeals. An objection to the complaint cannot be raised for the first time on appeal. There was no error in overruling objections to evidence, no grounds being assigned. Hornsby v. State, 16 Ala. App. 89, 75 So. 637; Carter v. State, 16 Ala. App. 184, 76 So. 468; Patton v. State, 197 Ala. 180, 72 So. 401; Allen v. State, 18 Ala. App. 346, 92 So. 18; Carroll v. State, 16 Ala. App. 454, 78 So. 717; Hardaman v. State, 17 Ala. App. 49, 81 So. 449; Lundy v. State, 17 Ala. App. 454, 85 So. 819.

BRICKEN, P. J. The offense charged against this appellant was the violation of the prohibition laws of the state. The prosecution originated by the swearing out of a warrant before a justice of the peace which was made returnable to the county court. The defendant was convicted in the county court, and appealed to the circuit court, where the cause was tried upon a complaint filed by the solicitor. From a judgment of conviction in the circuit court this appeal was taken.

[1] The appeal from the county court to the circuit court was perfected, by the giving of an appeal bond, on September 3, 1924, at which time the defendant, in writing, demanded a trial by jury. The transcript of the proceedings in the county court was transmitted to the circuit court. The jurisdiction was thereby vested in the circuit court on September 3, 1924, and it there remained until December 19, 1924, on which date the cause was called for trial. On that date (December 19, 1924) the defendant undertook by motion to dismiss the appeal and to remand the case to the county court in order that he might comply with, or abide, the judgment rendered against him in the county court. The court declined to dismiss the appeal, but, as shown in the judgment entry, "dismissed the motion." It is not shown that an exception was reserved to the action of the court in "dismissing" the motion; but under the statute this was not necessary, for all motions which are made in writing in any circuit court or court of like jurisdiction in any cause or proceeding at law shall, upon appeal, become a

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

part of the record, and the ruling of the court thereon shall also be made a' part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon any such motion, etc. Code 1923, § 9459. It has been expressly held, however, that the provisions of this statute do not apply to motions for a new trial in civil or criminal cases, even though such motion for new trial be in writing. Britton v. State, 15 Ala. App. 584, 74 So. 721; King v. State, 16 Ala. App. 103, 75 So. 692. It is here insisted that the court committed reversible error in this connection, and appellant relies upon section 3251, Code 1923, to sustain this contention.

[2] Appeals in this state are regulated by statute. The statutes regulating appeals from the county court to the circuit court are found in chaper 113, art. 3, Code 1923, § 3837 et seq. In the absence of express statutory provisions, when an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction thereof.

Section 3251, Code 1923, as we construe it, relates only to appeals taken to the Supreme Court and to this court. It is a part of chapter 74, art. 1, of the Code of 1923, which chapter relates only to appeals to the courts of last resort. Section 3251 is new to the Code, and was inserted by the Code committee. By its terms said section is more or less confusing, but we are unable to place any other construction upon it, and we construe it to mean that in all cases where an appeal is taken direct to the Supreme Court and this court the trial court retains jurisdiction thereof for the purpose only of granting a motion for a new trial, and for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is rendered.

Section 3250 of the Code 1923, the provisions of which allow a defendant to dismiss his appeal at any time before the transcript has been forwarded to the clerk of the Supreme Court, or Court of Appeals, by filing in the office of the clerk of the court in which the case was tried a statement in writing to that effect, applies only to appeals pending in the Supreme Court and Court of Appeals.

[3] We know of no statute which authorizes a defendant who has appealed from a judgment of conviction in the county court to the circuit court to dismiss the' appeal in the circuit court after such appeal has been perfected. In the absence of such statutory provision, the court was without authority to grant the motion in this case; hence there was no error committed by the court in this ruling.

[4] It is here insisted, for the first time, that the complaint filed by the solicitor in the circuit court, and upon which this appellant was tried, was a departure from the original charge contained in the affidavit, the basis of this prosecution. This question is not presented. The complaint filed by the solicitor was not void, though defective. No demurrer or other objection to the complaint having been interposed in the circuit court, the question cannot be raised for the first time on appeal in this court. The circuit court had jurisdiction of the subject-matter and, under the simple plea of "not guilty," interposed by defendant, of the person. The insistence here made in brief of counsel cannot avail the defendant, and such insistence is without merit. No ruling of the court was invoked in this connection; therefore no question is presented.

[5-7] On the trial of the case several exceptions were reserved to the rulings of the court upon the admission of testimony. All the objections and exceptions relating to what was found by the officers who searched the premises of defendant under a search warrant are without merit. These matters related to the res gestæ, and were permissible. The unusual large number of containers found upon appellant's premises, in his house, under the mattress on the bed, and in the loft, some of which had the odor of rum, coupled with the undisputed fact that some whisky was found in a bottle near the corner of the "car house" of defendant, presented, we think, a jury question. This, and other evidence tending to show the guilt of the defendant, his denials, and refutation thereof, certainly presented a question of fact for the determination of the jury. It was not permissible for the state to prove by its witness Shelby Jones, "and by that time one of Mr. Green's little boys came around the corner of the house, and said, 'You all do away with that.' Mr. Green had gone in the house at that time." We are unable to give the appellant the benefit of this, however, for no ruling of the court was invoked in this connection, and the jurisdiction of this court is appellate only in respect of matters of this kind. Review here, in such matters, is limited to the questions upon which action or ruling at nisi prius was invoked or had. Pritchett v. State, 18 Ala. App. 628, 93 So. 341 (on rehearing), and cases cited. The record does show that, upon the conclusion of the first several statements by witness Shelby Jones, "the defendant objected, and made motion to exclude this testimony." No ruling of the court appears, however, and no exception was reserved. Thus the question is not presented.

[8] State witness W. M. Hood was recalled on rebuttal, and testified that "Fred Tompkins told me in the presence of John Henry McCurley, and in the presence of defendant, that he bought the liquor from Morgan Green (defendant), and paid him $1.25 for it." The solicitor then asked witness: "Did the

defendant make any reply?" The witness answered: "Absolutely none." Defendant objected to the last question, which objection was overruled and exception reserved. That there is no merit in this exception is elementary. In the first place, no grounds of objection were stated as required by Circuit and Inferior Court Rules and Practice 33, vol. 4 (Code 1923, p. 906). Moreover, this statement, made in the presence and hearing of defendant, was an inculpatory statement in the nature of an accusation. The undisputed evidence is that the defendant stood silent and made no attempt to correct or to deny it. The rule in relation to evidence of this kind is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. The alleged statement here made by state witness Fred Tompkins to Hood, in the presence and hearing of defendant, that he (Tompkins) "bought the liquor from Morgan Green, and paid him $1.25 for it," was plainly such as would naturally call for a response from defendant; there being nothing in his then situation or surroundings which made it improbable that he would respond. He did not do so, and, as stated, there was no error in the ruling of the court in this connection.

[9] One special written charge was refused to defendant. This charge was elliptical, unintelligible, and involved. It was properly refused.

No motion for a new trial was made. The record proper is without error, and we have discovered no error in any ruling of the court upon this trial calculated to injuriously affect the substantial rights of the accused. The judgment of the lower court is affirmed.

Affirmed.