142 So. 109

### RASCOE v. STATE.
### 2 Div. 500.

Court of Appeals of Alabama.
May 17, 1932.

Arthur M. Pitts, of Selma, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The indictment charged this appellant with the offense of murder in the first degree; specifically, that he unlawfully and with malice aforethought killed Etta Rascoe by shooting her with a gun or pistol. The trial resulted in his conviction by the jury of murder in the second degree, and his punishment was fixed at imprisonment in the penitentiary for twenty years. Sentence to this effect was duly pronounced, and from the judgment of conviction this appeal was taken.

That the deceased was killed by having been shot through the head with a .38 caliber pistol was not denied.

The evidence disclosed that Etta Rascoe, the deceased, was the wife of the defendant, and upon the trial the state offered testimony tending to show that he had threatened to kill his wife, and also other evidence tending to show motive. The state also offered evidence which tended to show that the accused killed his wife, and that he undertook to suppress the testimony of his own daughter by admonishing her to say that he had not done so.

The defendant testified in his own behalf and insisted that he did not intentionally kill his wife. In this connection he stated: "I was at home the night my wife got killed. * * * I got home about eleven o'clock. * * * I went in my room. My wife was in there. She was in the bed on the left hand side going in the door. Her head was toward the foot. When I went in there she asked me where I had been. I told her I had been off a little piece. I sat on the right hand side of the bed, I had closed the door. She asked me again where I had been. I said well as soon as I lie down we will talk. I started pulling off my shirt. She told me when I sat down, I got something for you. I got my shirt up over my head and I felt a pistol at my side. I slapped it back and it went off. I struck it with my left hand and the pistol was in her left hand. Her left arm was lying out from the bed. * * * I did not slap my wife. I did not have a fuss with her and I did not have a word in the world with her. The pistol was mine. * * * I picked up the pistol. It was lying on the floor beside the bed. * * * I did not tell her (my daughter) not to tell the officers anything." He also gave other evidence of like import. This conflict in the evidence made a jury question. We are of the opinion that the evidence was ample to justify the verdict and to support the judgment of conviction.

But few exceptions were reserved to the court's rulings upon the trial of this case

Appellant earnestly insists that the court erred to a reversal by sentencing the defendant in accordance with the verdict of the jury before his motion for a new trial had been heard and determined. To this insistence we cannot accord. In the first place, no possible injury inured to appellant as a result of the action of the court complained of. Moreover, it appears that the motion for a new trial was without merit; the points of decision therein involved were but repetitions of questions already raised upon the main trial, none of which could avail the appellant. Furthermore, in this matter the court acted within the provisions of section 3251 of the Code 1923, and in line with the decision of this court in the case of Green v. State, 21 Ala. App. 201, 106 So. 683.

The rulings of the court upon admission of evidence were correct and without error. The exceptions reserved in this connection are so clearly without merit discussion thereof is unnecessary.

There being no error in any ruling of the trial court, and the record being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.