HARRIS, Judge.
Appellant was put to trial upon a two-count indictment charging (1) Grand Larceny, and (2) Buying, Receiving, Concealing, etc., a two-door Buick Riviera automobile of the value of sixty-two hundred dollars, the personal property of William Clarence Cage. At arraignment, in the presence of retained counsel, appellant pleaded not guilty. The jury returned a guilty verdict under count 2 of the indictment and the Court sentenced appellant to ten years imprisonment in the penitentiary.
The evidence presented by the State proved the corpus delicti of the crime beyond peradventure. Appellant did not testify but offered testimony in support of his alibi defense.
Mr. Cage testified that on the morning of August 11,1972, he was the owner of a 1972 *101 Buick Riviera automobile and that he parked the car on a downtown street in Birmingham about a block from his place of employment. He got off work about 4:15 p.m. and went to get his car and found it missing. He immediately called the Birmingham Police Department and reported the theft of his automobile. He had planned to go home to Nashville, Tennessee, for the weekend and had some personal items in a travel bag which was locked in the trunk of his car. In this bag he had some shirts, pants, a coat, a pair of white shoes and a shaving kit. He further testified that he had a warranty book from Waller Buick Company in Nashville that was given to him at the time he purchased the car. This warranty was in his name and listed his street address in Nashville and he put this document in the glove compartment of his car. Mr. Cage never saw his car after August 11, 1972.
He stated that the next time he saw his personal effects, including the warranty book and a document identified as his application for annual leave, was at the Home-wood Police Department the following Monday or Tuesday. His shirts, pants, coat, white shoes and shaving kit were given to him by the Homewood Police. His warranty book and his application for annual leave were retained by the officers to be used as evidence in this ease.
Mr. Cage identified the warranty book and his application for annual leave and these were introduced into evidence, over appellant’s objections, as State’s Exhibits No. 1 and No. 3, respectively.
Officer Jerry T. Haynes testified that on August 11, 1972, he was employed by the Homewood Police Department as a motor scout and on that day he responded to a radio call and proceeded to the Social Security Building located on Bagby Drive. As he proceeded to this location he observed a yellow 1966 Chevrolet convertible automobile leaving Bagby Drive with two white males in the car. He made a U-turn on Valley Avenue and started in pursuit of this automobile. This car picked up speed and the officer put on his blue light and siren in an attempt to stop the car. The car finally stopped in the area of a supermarket. The passenger and the driver were ordered to get out of the yellow Chevrolet and both started to put their hands under their shirts. The officer ordered them to put their hands on the roof of the car. Both of the men were slow to comply and the officer shot one time in the air and the man on the passenger’s side started running from the scene. The driver finally put his hands on top of the car but reached his hand toward his shirt and again and the officer fired his pistol in the air again. He made the driver put his hands on the trunk of the car and spread his legs. The officer then gave chase to the passenger and saw him go down an embankment and he ordered him to halt. He did not obey the officer and the officer fired a third time but the man made his escape and entered a store. He was subsequently taken into custody with the help of a civilian. When the officer returned to the car where he left the driver he discovered that he had departed the area. This officer identified appellant as the driver of the yellow Chevrolet. He further stated that he knew or had seen both occupants of the Chevrolet previously and he identified them from photographs in a law enforcement bulletin.
Officer James K. Atkinson of the Home-wood Police Department testified that while responding to a radio call on August 11,1972, around 12:15 p.m., he saw a yellow automobile speeding from the area of the call. He stated the car was occupied by two white males and he recognized appellant as the driver of the car.
The yellow Chevrolet was towed to the Homewood Police Department and a search warrant was obtained to search his car. Pursuant to the search the items of clothing identified by Mr. Cage as belonging to him were found along with the automobile warranty issued to Mr. Cage at the time he bought the 1972 Buick Riviera from Waller Buick Company in Nashville and the annual leave application of Mr. Cage. The last two documents were introduced into evidence over appellant’s objections.
*102 Police Sergeant B. E. Edmondson of the Homewood Police Department also identified the items of clothing belonging to Mr. Cage, the warranty book and the annual leave document that were removed from the yellow Chevrolet pursuant to the search warrant. He further testified that the yellow Chevrolet was registered to one Sylvia Wells and this car was released to some lawyer representing the Wells.
We see no purpose in setting out the testimony in support of appellant’s alibi. It was peculiarly within the province of the jury to accept or reject the alibi testimony. The jury did not believe the alibi testimony and that is that. Clay v. State, 52 Ala.App. 272, 291 So.2d 364; Simms v. State, 56 Ala.App. 156, 320 So.2d 89.
This is a strong case of circumstantial evidence. Circumstantial evidence is entitled to the same weight that direct evidence is entitled to provided it points to the guilt of the accused. In cases where the State relies to a great extent on circumstantial evidence for a conviction very wide latitude is allowed in making proof. Cline v. State, 25 Ala.App. 433, 148 So. 172; Willis v. State, 37 Ala.App. 185, 66 So.2d 753; Sumeral v. State, 39 Ala.App. 638,106 So.2d 270.
The web of circumstances which enshrouds appellant includes the following: He was caught fleeing from an attempted car theft. In the getaway car were items of personal property that had been removed from the Buick automobile that had been stolen and which belonged to Mr. Cage. These items included pants, shirts, coat, white shoes, warranty book for a 1972 Buick Riviera car recently purchased from Waller Buick Motor Company in Nashville, and an annual leave application in the name of Mr. Cage. The only logical conclusion that can be drawn in this case is that appellant was certainly connected with the theft of the Buick or he had bought, received, concealed, or aided in buying, receiving or concealing this Buick car.
Where there is a reasonable inference to prove the existence of the corpus delicti, the Court should submit to the jury for its consideration the question of the sufficiency and weight of the evidence tending to support that inference. Hines v. State, 260 Ala. 668, 72 So.2d 296; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690.
The possession of the items of personal property belonging to the owner of the stolen Buick which were found in the car in which appellant was fleeing made them evidence of the commission of a crime, the weight of which was for the jury under count 2 of the indictment. Hodge v. State, 18 Ala.App. 361, 92 So. 79.
In Young v. State, 283 Ala. 676, 220 So.2d 843, the Supreme Court said:
“Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state’s evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, does not constitute error.”
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.